VAN ARSDALE & WARNOCK vs. JOHN M. KRUM, Judge, &c.

Van Arsdale & Warnock filed their petition for a mandamus to compel the Judge of the St. Circuit Court to quash certian attachments. The petition stated that Richards et al, as also some five other plaintiffs had instituted suits by attachment against the property of one Berlin. That subsequent to the levy of these attachments the petitioners had also instituted suit by attachment, and had the same property attached—that the bonds of the earlier attachments were all void—that petitioners had moved to quash the attachments, and their motions been overruled, and that the property was not sufficient to satisfy all the claims—and prayed that the Judge be compelled to quash the earlier attachment because of the defects in the bonds.

Held:

1. That under the act of 13th Feb., 1839 concerning attachments, the court may on motion of the plaintiff, give leave to amend an insufficient bond—it matters not what be the defect.

2. That a plaintiff in one suit by attachment has no right to resist another attachment against the same property.

Qr. Is a mandamus a proper remedy in such a case?

## Petition for Mandamus.

Goode & Cornick, for Petitioners.

### POINTS AND AUTHORITIES.

1st. The attachment bond of Richards, Bassett & Aborn, was substantially defective. See Session acts of 1837, p. 8, § 1. Session acts of 1839, p. 7, § 3, and p. 8, § 19.

2d. It is such a defect as cannot be amended. See Mantz vs. Hendley, 2 Hen. & Munn, 308; McDaniel vs. Sappington, Hardin's R. 94; Stephnson vs. Robbins, 5th Mo. R. 21; Caldwell vs. McCree, 8th Mo. R. 335; Bridgeport vs. Steamboat Elk, 6th Mo. R. 356; Graham vs. Bradley, 7th Mo. Rep. 282; Session acts of 1839, p. 7, sections 13, 14 and 15.

3rd. It is a defect which the petitioners can take advantage of. See Mantz vs. Hendley, 2 Hen. & Munn, 314; Alexander vs. Hayden, 2 Mo. R. 187; Fairbanks vs. Stanley, 18 Maine Rep. 299; Berry vs. Spear, 1 Shepley 187; Buckman vs. Buckman, 4 New Hamp. Rep. 319; Clark vs. Roberts, Breese Rep. 222; Lea vs. Vail, 2 Scammon R. 473.

McBride, J., delivered the opinion of the court.

Van Arsdale & Warnock filed their petition in this court praying for

a mandamus upon John M. Krum, who is judge of the circuit court for St. Louis county.

The petition sets out, that on the 27th January, 1845, an attachment was issued from the office of the clerk of the circuit court of St. Louis county, in favor of Richards, Bassett & Aborn, against John Berlin ; that prior to the 31st January, 1845, five other writs of attachment were issued from the same office, in favor of other creditors, against Berlin, and that on the said 31st January, the petitioners sued out their writ of attachment. The attachments were all levied by the sheriff of St. Louis county on the same property of the defendant, which being perishable, was sold under an order of the court; that the bonds executed by the plaintiffs, in five of the cases, are defective, not being conditioned as the law prescribes ; that the other attachments having been issued prior to theirs, and the proceeds of the sale not being sufficient to satisfy them, the petitioners are in danger of losing their demand, unless those attachments in which were filed defective bonds, be quashed.

That on the 10th May, 1845, the defendant, Berlin filed his motion in the circuit court to quash the attachment issued in favor of Richards, Bassett & Aborn against him, for the reason that the bond filed in the case is defective, thereupon the plaintiffs filed a cross-motion for leave to amend their bond. The court ordered that the plaintiff's file within ten days therefrom a good and sufficient bond, or otherwise the attachment would be quashed. The amended bond was filed on the 12th May, 1845. The defendant Berlin excepted to the action of the court in overruling his motion and in permitting an amended bond to be filed.

That at some period of the proceedings, not shewn by the record, but perhaps prior to the 1st July, 1845, the petitioners filed a motion to quash the attachments in the cases in which defective bonds had been filed, the suit of Richards, Bassett & Aborn being one of them; which motion was, on the 1st July, overruled by the court; they thereupon excepted and preserved the facts by a bill of exceptions, which they refer to , and make a part of their petition.

The following points are presented for the consideration of this court:

1st, The bond of Richards, Bassett & Aborn was substantially defective.

2d, It is such a defect as cannot be amended.

3d, The petitioners can take advantage of the defect.

The first two points will be considered together. The proceedings in the case of Richards, Bassett & Aborn, were had under the provi-

sions of an act of the General Assembly of this State, entitled "an act to amend an act to provide for the recovery of debts by attachment," approved Feb. 13th, 1839; Sess. acts 1838–9, p. 6.

The first section provides that "any creditor who shall file an affidavit and bond, as hereinafter required, may sue his debtor by attachment in the following cases," &c.

The third section provides that "the bond to be given by the plaintiff shall be executed by him, or some responsible person for him, as principal, with one or more securities, resident householders, of the county in which the action is to be brought, in a sum of at least double the amount of the demand sworn to, payable to the State of Missouri, conditioned that the plaintiff shall prosecute his action without delay, and with effect, and shall pay all damages which may accrue to any defendant or garnishee, by reason of the attachment, or any process, or proceeding in the suit."

The concluding sentence of the first bond, filed by the plaintiffs, was as follows : "That if the said plaintiffs shall prosecute their said suit with effect, and without delay, and shall pay all damages which may accrue to the said defendant, or to any garnishee in said suit, in consequence of said attachment, then this obligation to be void, otherwise to remain in full force," omitting, as will be seen, after the word attachment, the words "or any process or proceeding in the suit."

The plaintiff, by his motion for leave to amend his bond, admitted its insufficiency; the question then arises, upon the power of the court, to permit the amendment asked for by the plaintiff.

By the 13th section of the act it is enacted that "if at any time pending a suit in which any property or effects shall have been attached, it shall appear to the court or justice before whom the action is pending, that the bond given by the plaintiff is insufficient, or that any security therein has died, or removed from the State, or has become, or is likely to become insolvent, the court or justice may order another bond, and such further security to be given, as shall seem necessary; five days previous notice being given to the plaintiff or his agent, or attorney, of the application for such order."

The foregoing section would appear to settle the question, as to the right of the court to permit the bond to be amended; but the petitioner's counsel contend, that amendments of the character permitted by the court, are not such as are contemplated by the above section; that the insufficiency must be for the reason either, that the security has died, removed from the State, or has become, or is likely to become insolvent. If such were the intention of the law makers, it would have

been extremely easy and convenient for them so to have framed the section, omitting the words *"that the bond given by the plaintiff is insufficient."* Finding those words, however, in the statute, and presuming that they were intended to mean something, it is the duty of the court to give them effect, when cases arise which render it necessary.

Those who have been familiar with the practice throughout the country under the statute, will readily understand the necessity of this construction, as a shield to protect the rights of debtors.    A creditor who is irresponsible, files his affidavit, and a defective bond, upon which a writ of attachment issues, and is placed in the hands of an officer, who attaches the chattels of the debtor, which being perishable, an order is obtained, in vacation, from the judge, and a sale is made, perhaps and most probably, at a ruinous sacrifice, before the return day of the writ.   At the return term, the defendant moves the court to require the plaintiff to file a good and sufficient·bond, or that his attachment will be quashed; this and its attendant consequences, being the only penalty which the court can inflict on the plaintiff, for filing a defective bond; the order being made, and the bond amended, the proceeding is intended by the statute as a sheild for the benefit of the debtor, whereby he may be enabled at a future day to sue on the bond, and recover damages for any illegal act of the creditor.   We think the circuit court committed no error in permitting the plaintiffs to amend their bond, upon their own motion for that purpose.

We might here close the case, but another point has been pressed by the petitioner's attorney, which we will briefly notice.   If the foregoing two points were adjudged adverse to the action of the circuit court, could the defect in the bond, and the leave given to amend, be taken advantage of by the petitioners in the manner here attempted?

The record does not show at what stage of the proceedings, the petitioners were made a third party; it only shows that two or three months after the disposition of the cross-motion of the plaintiffs, and the defendant in the action, the court overruled the motion of the petitioners to quash the attachment which was predicated on the same ground as the defendant's motion.   The proceeding being a novel one, we have looked into the authorities upon which the counsel for the petitioners place their right, to see if any such right really exists or has ever been recognized by the courts.   The only case which we have seen, which bears even a remote analogy to the one at bar, is to be found in 4 New Hampshire R. 319.

The facts of the case show that the plaintiff sued out his writ of attachment against the defendant, returnable to the September term,

Van Arsdale & Warnock vs. John M. Krum, Judge, &c.

1826, and caused certain lands and chattels of the defendant to be attached by virtue of his writ. At the February term, 1828, certain other creditors of the defendant, who had subsequently caused the same lands and chattels to be attached, as the property of the defendant, suggested to the court that the suit was prosecuted with collusion between the parties, for the purpose of defrauding the creditors of the defendant, and that there was in fact nothing due from the defendant to the plaintiff. And thereupon, the creditors having given security to the plaintiff, to pay all such costs as the court should order on account of their interference in the suit, the court ordered that the plaintiff should make his election to dissolve his attachment, or consent to try the question, whether his suit and attachment were collusive, in an issue between him and the said creditors. The plaintiff elected the latter. An issue was formed for the purpose between the plaintiff and the creditors, and tried by a jury, who found that the suit was prosecuted collusively, for the purpose of defrauding creditors. The court then ordered all further proceedings to be stayed, from which order the plaintiff appealed. The superior court sustained the action of the court of common pleas, declaring that the creditors, upon giving bond, may be permitted to defend in the name of the defendant.

In running a parallel between this case in New Hampshire, and the one now before the court, it will be found that they differ materially in almost every respect. The proceeding in New Hampshire was based upon a charge of collusion between the attachment creditor, who had the prior lien, and the defendant, for the purpose of defrauding subsequent attaching creditors; and when the court granted permission for them to come in and defend, it was only on condition that they should give a sufficient bond to pay all costs that might be adjudged against the defendant in the attachment, and that their defence should be made in his name.

In this case there is no charge of collusion between the plaintiffs, Richards, Bassett & Aborn, and the defendant Berlin—there was no tender of a bond by the petitioners, to secure the costs which might grow out of any proceedings had at their instance—they come into court and claim the right to interfere in a case to which they are strangers, solely on the ground that if the plaintiffs are permitted to amend their bond, and obtain a judgment against the defendant, the whole of the defendant's property and effects will be applied to such judgment, and nothing left out of which they can make their debt. This does not afford a sufficient ground for the exercise of any extraordinary favor or indulgence by the court. The petitioners are precisely in the situation

of all junior creditors of an insolvent, and have no extraordinary claims for favor. We conclude, therefore, that the circuit court committed no error in permiting the plaintiffs to amend their bond, but if the court had erred, the petitioners have no right officiously to interfere. The motion for a mandamus is overruled.

NAPTON, J.  I am of opinion that this case is not one in which a writ of mandamus would be proper, to cure the errors (if any had been committed) of the circuit court.