## SUPREME COURT.

### Jonathan Ackroyd agt. Edmund Ackroyd.

Where the plaintiff, in an action against defendant, a former partner, states in his complaint that there is a large sum of money due from the defendant to the plaintiff, but says that *he is unable to state the amount,* and demands an account, and that the defendant pay what upon the accounting may be found due.

*Held,* that he was not entitled to an *attachment* against the defendant. The Code requires, on issuing an attachment, the amount of the *claim to be specified.*

The mere opinion or belief of the plaintiff is not sufficient to warrant the granting of this process.

*New York Special Term, December,* 1860.

Motion to discharge an attachment against the property of the defendant as a non-resident debtor.

John E. Develin, *for motion.*
William Fullerton, *opposed.*

Leonard, Justice. This action was commenced in 1858, and was at issue on complaint and answer more than a year before the warrant of attachment was granted.

The motion is founded on the pleadings, as well as on the affidavit of the plaintiff, upon which the attachment was granted, and also the affidavit of the defendant.

The complaint alleges a partnership between the parties; a dissolution thereof; an assignment of the plaintiff's interest to the defendant, and the defendant's agreement to pay the partnership liabilities, &c., and divide the surplus. That the assets and liabilities were large; that there is a large surplus; that the defendant has used the assets for his own account, and has neglected to pay a large debt due from the firm, although a great length of time has elapsed; that the defendant refuses to render any account; that there is a large sum of money due from the defendant to the plaintiff, but the plaintiff says *that he is unable to state the amount.* Demands an account, and that the defendant pay what upon the accounting may be found due.

The summons is for the relief demanded in the complaint.

The affidavit on which the attachment was granted states that the defendant is a non-resident, &c., and after setting forth substantially the same cause of action as is stated in the complaint, alleges that there is *more than* $25,000 due to the plaintiff from the defendant. A supplementary affidavit of the plaintiff states the amount due to the plaintiff at $22,000.

The statement of these sums in the affidavits is quite inconsistent with the complaint, wherein the plaintiff admits that he is unable to state the amount which is due.

I apprehend he is correct in his statement in the complaint.

It is impossible for the plaintiff to state the sum due without an accounting.

The sum stated by the plaintiff is, beyond doubt, his belief or opinion as to the amount. The grounds of his cause of action, as stated by himself, afford no data from which any fixed, or even approximate sum, can be named as the amount due.

An arbitrary statement or opinion that there is a specific sum due, does not suffice. The facts must be stated which will show that a cause of action exists against the

defendant, and the amount of the claim must be specified, and the grounds thereof. (*Code*, § 229.)

In stating the grounds of his claim, the plaintiff herein discloses that he does not know, and cannot know, whether anything is in fact due to him. He has seen no statement of the condition of affairs ; he knows not what debts have · proved bad, or what depreciation of assets has taken place.

The mere opinion or belief of the plaintiff is not sufficient to warrant the granting of this process.

This view of the case is more fully confirmed by the statements of the answer and the affidavit of the defendant, on which this motion is, in part, founded.

The question here raised appears to be novel, and if the plaintiff desires to take this motion before the general term for review, he may have a stay of proceedings until the appeal is decided.

The motion is granted, with ten dollars costs of the motion to the defendant.