Hill agt. Bond.

---

## SUPREME COURT.

JOHN H. HILL agt. GEORGE D. BOND, who was impleaded with MARTHA S. HINMAN.

On a motion to *vacate an attachment* founded upon affidavits on the part of the defendant, it is competent for the plaintiff to read *counter affidavits* in opposition. But where the motion is founded solely on the affidavits upon which the attachment was granted, no *additional affidavits* in support of the original application can be allowed. In such case the attachment must stand or fall upon the facts originally presented to the judge for the warrant.

An attachment granted on the ground that *the defendants were about to dispose of their property with intent to defraud their creditors,* where the affidavits did not state any material fact upon actual knowledge, amounting to legal evidence of such purpose by the defendants, but all upon information and belief, *held,* that the attachment was irregularly issued.

*Monroe Special Term, June,* 1861.

MOTION by defendant Bond to set aside attachment against property issued by a justice of this court.

Hill agt. Bond.

The motion is founded upon the insufficiency of the affidavits upon which the attachment was issued. No affidadavits or other evidence is presented in support of the motion, contradicting, explaining or avoiding the facts contained in the affidavits on which the attachment was issued.

The plaintiff's counsel offered to read supplementary affidavits in support of the original application for the attachment, which was objected to by the counsel for the defendant Bond. The question was reserved, and the affidavits were allowed to be read, subject to the objection. *

R. P. Wisner, *for defendant Bond.*
T. R. Strong, *for plaintiff.*

Welles, Justice. The affidavits upon which the attachment was granted are entirely insufficient to authorize it. No material fact is stated upon actual knowledge, but all is upon information and belief. I agree with that part of the opinion of the superior court of the city of New York, in *St. Amand* agt. *DeBeixcedon*, (3 *Sand. S. C. R.*, 703,) which holds that " in a remedy of so grave a character as the attachment, tying up the entire property of a party pending a suit, the affidavit upon which the proceeding is authorized should be explicit, and made in general upon positive knowledge of the deponents, so far as to establish a *prima facie* case"—and that when affidavits of persons who give the information on which the plaintiff desires to proceed, cannot be obtained from the peculiar circumstances of the case, " those circumstances must be stated, with all the grounds of suspicion, so as to satisfy the judge that the facts exist on which the attachment is sought, and that the plaintiff has produced the best evidence in his power to establish them."

The attachment in this case, as appears on its face, was granted on the ground that *the defendants were about to dispose of their property with intent to defraud their creditors.*

The only affidavits produced before the judge when it was applied for, were by the plaintiff and his attorney. That made by the plaintiff states that the defendant George D. Bond was about to dispose of his interest in the firm of Bond & Hinman (the defendants) to one Phelps, of Canandaigua, as deponent was informed and believed, for the purpose of defrauding his creditors. The affidavit made by the plaintiff's attorney states that on the 3d day of December, 1860, the deponent saw and conversed with Porter B. Hinman and J. B. Bond, at Mount Morris, upon and for the payment of the plaintiff's demand in the action; that said Porter B. Hinman, the agent of the defendant Martha B. Hinman, in conversation with deponent said that the defendant George D. Bond had given to his brother, J. B. Bond, a power of attorney to settle and arrange the matters of copartnership of the firm, and that said J. B. Bond was a rascal, and he believed desired to place the property of said firm in such a position as to defraud the creditors of the firm out of their just dues ; that deponent afterwards conversed with J. B. Bond as agent by power of attorney of the defendant George D. Bond, which he alleged to have ; that he told the deponent that his brother, the defendant, was incapacitated to discharge the duties of the firm, by domestic afflictions ; that he was endeavoring to arrange the affairs of the firm for him ; that said affairs were in an unsatisfactory condition ; that he was afraid Hinman, the agent of defendant, meant to be dishonest, and defraud the creditors of the firm ; that he was then negotiating with one Phelps, of Canandaigua, N. Y., and he thought intended a purpose of that kind if the goods could be got out of the possession of him, George D. Bond the defendant.

The above is all that appears in the affidavits upon which the attachment was issued, to sustain the allegation that the defendants were about to dispose of their property with the intent to defraud their creditors. The attachment was therefore irregularly issued. The affidavits amounted

to no evidence whatever that the defendants, or either of them, were about to dispose of their property with intent to defraud their creditors. The facts to authorize the attachment must *appear by affidavit.* (*Code,* § 229.) This means legal evidence, and hearsay is no evidence at all in this connection.

Upon the subject whether the affidavits offered by the plaintiff to sustain the attachment should be received and considered, there is some conflict of decision. My opinion is, that where the motion to vacate the attachment is founded upon affidavits on the part of the defendant, it is competent for the plaintiff to read counter affidavits, to contradict or explain the facts alleged in the moving affidavits. But where, as in this case, the motion is founded solely upon the weakness or insufficiency of the case made by the plaintiff on his application to the judge for the warrant, the attachment must stand or fall upon the facts originally presented to the judge upon such application, and that in such case the plaintiff should not be permitted to make a case by affidavits which the defendant has no opportunity to answer.

If the foregoing views are correct, it follows that the attachment must be set aside, which is ordered, with ten dollars costs.

NOTE.—This order was affirmed on appeal, Monroe general term, September, 1861.