JOHN E. JACOBS, Respondent, *v.* WILLIAM J. HOGAN et al.,
    FRANK H. WHITMAN et al., Appellants.

Prior to the enactment of the provision of the Code of Civil Procedure (§ 682)
    authorizing a person who has acquired a subsequent lien upon property
    attached, to move to set aside the attachment, a junior attachment cred-
    itor was entitled to move to set aside the prior attachment on the ground
    of a jurisdictional defect; *i. e.*, that the affidavit upon which the attach-
    ment was issued was insufficient to give jurisdiction.

(Argued April 19, 1881; decided April 26, 1881.)

APPEAL from order of the General Term of the Supreme
Court, in the fourth judicial department, made October 23,
1878, affirming an order of Special Term, which denied a
motion to set aside an attachment herein.

The material facts are stated in the opinion.

*E. B. Vedder* for appellants. The affidavit on which the
prior attachment was issued, being fatally defective, the junior
attachment creditors had a right to move to set it aside. (*Thayer
v. Willett*, 9 Abb. 325; *Hall v. Stryker*, 27 N. Y. 596; *Frost
v. Mott*, 34 id. 253; *Rinchey v. Stryker*, 28 id. 45; *Dwight's
Case*, 15 Abb. 262; *Barry v. Fisher*, 8 Abb. [N. S.] 382;
*Bridenbecker v. Mason*, 16 How. Pr. 205; *Gould v. Morti-
mer*, 16 Abb. 488; 26 How. 167; *Sweezey v. Bartlett*, 3 Abb.
444; *Zeregal v. Benoist*, 33 How. Pr. 134; *Clearwater v.
Brill*, 61 N. Y. 625; *Wright v. Rowland*, 4 Abb. Ct. of
App. Cas. 651; *Wallace v. Castle*, 68 N. Y. 370; *Allen v.
Meyer*, 17 Alb. L. J. 272; *Wright v. Brown*, 67 N. Y. 1;
*Sartwell v. Field*, 68 id. 341; *Cochrane v. Ingersoll*, 17 Alb.
L. J. 313; *Yates v. North*, 44 N. Y. 271; *Phillips v. Wheeler*,
67 id. 104, 107; *Belknap v. Waters*, 11 id. 477; *Bentley v.
Goodwin*, 15 Abb. 82; *Rinchey v. Stryker*, 28 id. 45.)

*Wm. C. Fitch* for respondent.

RAPALLO, J. The appellants are judgment creditors of the defendants in the above-entitled action, and have issued an execution which has been levied upon their property. On the 14th of July, 1877, the appellants obtained an attachment against the same defendants, which was upon the same day levied upon the same property.

The plaintiff in this action recovered judgment therein and issued an execution which was levied upon the same property before the levy under the appellants' execution, but the appellants are, by virtue of their attachment, entitled to priority over the plaintiff, unless the plaintiff is entitled to priority over them by virtue of an attachment which he obtained in this action on the 6th of July, 1877, and which was levied on the same property on the 12th of July, 1877, two days before the appellants' attachment was levied.

The appellants, immediately after the levy under their execution, made a motion in this action to set aside the plaintiff's attachment on two grounds; one being that when the attachment was granted, no action had been or was commenced against the defendants (the summons placed in the hands of the sheriff for the purpose of commencing an action not having been subscribed with the name of any attorney), and the other being that the affidavit on which the attachment was granted was so defective as to be insufficient to confer jurisdiction to grant an attachment. It is enough for the purposes of this appeal to consider the second of these objections.

The affidavit wholly omitted to show that the plaintiff had any cause of action against the defendants, upon which an attachment could be founded, or to specify the grounds of his claim. These were fatal jurisdictional defects which entitled the appellants to have it set aside, provided they had such a standing as entitled them to make the motion.

The motion was denied at Special Term on the ground that the appellants had no such standing, their action having been commenced before the Code of Civil Procedure of 1877 went into effect, and section 682 of that Code consequently not being applicable to the case, and the cases of *Isham* v. *Ketchum* (46

Barb. 43) and *Tracy* v. *First Nat. Bank of Selma* (37 N. Y. 523) were referred to as establishing that under the former Code the appellants were not entitled to make the motion. This decision was affirmed at General Term where it was held that the defects alleged were mere irregularities of which no one but the defendants in the action could take advantage, and that if they chose to waive them, their creditors could not set them up.

We think that the defects in the affidavit were more than irregularities, and that they were jurisdictional defects which deprived the justice of power to issue the attachment, and that the case stands as if the attachment had been issued without any affidavit. Some of the essential averments required by the statute to be inserted to confer such jurisdiction being wanting, the insertion of others amounts to nothing. The attachment, though in fact unauthorized, was, notwithstanding, in the hands of the sheriff, and was valid on its face. It was an incumbrance upon the property on which the appellants had acquired a lien by virtue of their attachment and execution, and it deprived them of power to enforce the priority to which they were legally entitled. In such a case we entertain no doubt that their relation to the property attached entitled them to apply to the court out of which the invalid process had been inadvertently issued, to recall it, and that this right existed independently of section 682 of the Code of 1877. That section was regarded by the commissioners who framed that Code, not as conferring any new right, but as simply declaratory of existing law, and settling doubts which had existed in respect thereto, as appears from their note to section 682; and an examination of the cases which have been cited on the part of the respondents fails to lead us to a different conclusion.

The orders of the General and Special Terms should be reversed, with costs, and the motion to set aside the plaintiff's attachment should be granted.

All concur.

Ordered accordingly.