THEODORE HAEBLER et al., Appellants, *v.* JOHN G. BERNHARTH et al., Respondents.

The general rule that no appeal lies to this court from an order of the General Term vacating an attachment, notwithstanding there was jurisdiction to grant the writ upon the papers presented on the application therefor, does not apply where the attachment is vacated on the motion of a subsequent attaching creditor or lienor, the question then before the General Term, being one of strict legal right, and not of discretion.

An order, therefore, of General Term, affirming an order of Special Term vacating an attachment on the application of subsequent attaching creditors, is reviewable here.

A complaint verified by the plaintiff and a separate affidavit made by him were presented on an application for an attachment. The complaint set forth a cause of action on contract for the breach of a warranty on the sale of beans purchased by plaintiffs of defendants; it alleged that the beans delivered under the contract were of a kind and quality greatly inferior to the sample, and by reason of such breach of warranty plaintiffs were damaged in the sum of $1,064.51. The affidavit stated that the defendants reside in France and that plaintiffs are entitled to recover from them the amount of damages mentioned in the complaint over and above all counter-claims. *Held*, that the allegations of the papers presented were sufficient to confer jurisdiction to grant the attachment (Code Civ. Pro. §§ 340, 636); and that an order vacating it, on the application of other attachment creditors, was error.

(Submitted June 21, 1889; decided October 8, 1889.)

APPEAL from order of the General Term of the Superior Court of the city of New York, made April 16, 1889, which affirmed an order of the Special Term vacating an attachment at the instance of subsequent attaching creditors.

The nature of the action and the material facts appear in the opinion.

*Marshall P. Stafford* for appellants. The papers on which the attachment was granted showed the existence of a cause of action of a kind in which attachment is permitted. (Code Civ. Pro. §§ 636, 3343, subd. 11; *Palmer* v. *Hussey,* 59 N. Y. 647; *Crandall* v. *McKaye* 6 Hun, 483.) Omission to file the complaint with the affidavit within the prescribed time did not affect the validity of the attachment. (*Brash* v. *Wilarsky,* 36 How. 253; *Woodward* v. *Stearns,* 10 Abb. [N. S.] 395.) An averment of the amount of damage in a manner sufficient for a complaint is sufficient to support attachment. (Code Civ. Pro. § 636; *Mallary* v. *Allen,* 15 Abb. N. C. 338; *Ruppert* v. *Haug,* 87 N. Y. 144; *Park Bank* v. *Whitmore,* 40 Hun, 501.) It is unnecessary to set forth the evidence or circumstances attending the transaction, facts, and not the evidence of facts, must be pleaded. (*Woodbury* v. *Sackrider,* 2 Abb. Pr. 402; *Allen* v. *Patterson,* 7 N. Y. 478; *Badian* v. *Niles,* 9 Abb. N. C. 48; *French* v. *Willett,* 10 Abb. Pr. 99; *Brown* v. *Champlin,* 66 N. Y. 214; *Lanier* v. *City Bk.,* 9 Civ. Pro. R. 164; *Hamilton* v. *Penney,* 29 Hun, 265; *Ward* v. *Begg,* 18 Barb. 141; *Lawton* v. *Reil,* 34 How. Pr. 465; *Woodward* v. *Stearns,* 10 Abb. [N. S.] 395; *Gould* v. *Bryan,* 3 Bosw. 628; *Crandall* v. *McKaye,* 6 Hun, 484; *Stevens* v. *Middleton,* 26 id. 470.) As to all the averments necessary to sustain an attachment, the facts need not be presented in a way to be conclusive. It is sufficient to confer jurisdiction if they have any tendency to show the existence of the requisite facts. (*Cooney* v. *Whitfield,* 41 How. Pr. 6; *Lee* v. *La C. U. T.,* 2 N. Y. S. R. 612; *Steuben Co. Bk.* v. *Alberger,* 78 id. 258.) The complaint states a cause of action entitling the plaintiffs to recover the

difference in the value of the merchandise contracted for and that of the merchandise delivered. (*Larroway* v. *Perkins*, 10 N. Y. 371; *Muller* v. *Eno*, 14 id. 597; *Parks* v. *Morris*, 54 id. 592; *Prindle* v. *Caruthers*, 15 id. 425; *Hunt* v. *Bennett*, 19 id. 173; *Lawrence* v. *Wright*, 2 Duer, 673; 2 Sedgwick on Damages, 607, 608; *Vanderslice* v. *Newton*, 4 N. Y. 267; *Jutte* v. *Hughes*, 67 id. 267; *Argotsinger* v. *Vines*, 82 id. 314; 3 T. & S. Pr. 101; *Golden Gate Co.* v. *Jackson*, 13 Abb. N. C. 477; *Watts* v. *Nichols*, 32 Hun, 278; *Thorington* v. *Merrick*, 101 N. Y. 8; *Bennett* v. *Edwards*, 27 Hun, 351; *Pomeroy* v. *Ricketts*, 27 id. 244; *Pomeroy* v. *Moss*, 15 Week. Dig. 25; *Smith* v. *Davis* 29 Hun, 306; *Olcott* v. *Carroll*, 39 N. Y. 436; *Schoonmaker* v. *Spencer*, 54 id. 370.) The warrant having been granted by one judge it could only be vacated by another on the same papers upon which it was granted, on the ground that the papers failed to state sufficient facts to confer jurisdiction upon the judge who granted the order. (*Steuben Co. Bk.* v. *Alberger*, 78 N. Y. 258; *Talcott* v. *Rozenberg*, 3 Daly, 203; *Allen* v. *Meyer*, 7 id. 230; *Skinnion* v. *Kelley*, 18 N. Y. 355; *Schoonmaker* v. *Spencer*, 54 id. 366; *Niles* v. *Vanderzee*, 14 How. Pr. 547; *Kissock* v. *Grant*, 34 Barb. 144; *Easton* v. *Malavazi*, 7 Daly, 148.) The order is appealable to this court. (*Wallace* v. *Castle*, 68 N. Y. 373; *Steuben Co. Bk.* v. *Alberger*, 78 id. 258; *Ruppert* v. *Haug*, 87 id. 144; *G. P. and R. M. Co.* v. *Mayor, etc.*, 108 id. 276.)

*Michael H. Cardozo* and *Edgar J. Nathan* for respondents. No appeal lies from an order vacating an attachment, where it is at all discretionary, even although it involves a substantial right. (*Wallace* v. *Castle*, 68 N. Y. 370; *Claflin* v. *Baere*, 80 id. 642; *Anonymous*, 59 id. 315.) The attachment must be sustained, if at all, upon the affidavit filed April 14, 1888, and upon that alone. (Code, § 639.) In order to sustain an attachment every fact must be affirmatively established by the plaintiff. (*Richter* v. *Wise*, 6 T. & C. 70; 3 Hun, 398; *Smith* v. *Davis*, 29 id. 306; *Pomeroy* v. *Ricketts*, 27 id. 242;

*Reilly* v. *Sisson*, 31 id. 572.)    It is well settled that when articles are sold upon an executory contract, the delivery and acceptance of the articles after examination, or an opportunity to examine them, is a consent or agreement that the articles correspond with the contract, and preclude a recovery for any defects which may exist.    (*Reed* v. *Randall*, 29 N. Y. 358; *Gurney* v. *A. & G. W. R. Co.*, 58 id. 358, 364.)    In seeking to recover damages for breach of a warranty the cost price is not the same as the market-value.    (*Walts* v. *Nichols*, 32 Hun, 276; *Pomeroy* v. *Moss*, 15 Week. Dig. 25; *G. G. C. Co.* v. *Jackson*, 13 Abb. N. C. 476; *Pomeroy* v. *Ricketts*, 27 Hun, 242, 244; *Smith* v. *Davis*, 29 id. 306; *Rendle* v. *Janauschek*, Daily Reg., May 17, 1887.)    No attachment can be granted where the damages are unliquidated on the facts appearing in the affidavit.    (*Lawton* v. *Kiel*, 51 Barb. 30; *G. G. C. Co.* v. *Jackson*, 13 Abb. N. C. 476.)    The motion was properly made.    (Code Civ. Pro., § 682; *Smith* v. *Davis*, 29 Hun, 306; *S. C. Bk.* v. *Alberger*, 78 N. Y. 252; *Ruppert* v. *Haug*, 87 id. 141.)    It was not necessary that the application to vacate the attachment should have been made to the judge who granted it.    (*Ruppert* v. *Haug*, 87 N. Y. 141, 144.)

ANDREWS, J.  The general rule that no appeal lies to this court from an order of the General Term, vacating an attachment, notwithstanding there was jurisdiction to grant the writ upon the papers presented on the application therefor, does not in reason apply where the attachment is vacated on the motion of a subsequent attaching creditor or lienor.  The general rule proceeds on the ground that a plaintiff in an action has no absolute legal right in any case to the issuance of an attachment against the property of a defendant.   The court or officer to whom an application for an attachment is made may deny the application, although a formal case may be made, either because the facts are stated with too much generality, or the case made is not, in the opinion of the court or judge, sufficiently plain to justify this extraordinary remedy, or instead of denying the application absolutely, the court or

officer may require additional proof of the jurisdictional facts, although there is not an entire absence of evidence of their existence in the proofs presented. Where an attachment is granted the defendant may appeal to the General Term, and upon such appeal the General Term may review the discretion exercised in granting the attachment, as well as the question of jurisdiction. If the General Term vacates the attachment on the appeal of the defendant in the action, it will be deemed to have acted in the exercise of its discretion, unless its decision is placed solely on the question of power, and there the matter ends and no further review can be had. But where the proceeding to vacate the attachment is taken by a subsequent lienor, and not by the defendant in the action, and the appeal to the General Term is taken by him, the question before the General Term is one of strict legal right, and no question of discretion is presented. The sole point, then, to be determined, is as to priority in point of law of the liens of the respective parties. It is, then, purely a question whether there was jurisdiction to grant the attachment on the papers presented. It would be an anomaly that a court should exercise a discretion as to which of two contesting creditors it would award priority of lien. The order of the General Term in this case, which affirmed the order of the Special Term vacating the plaintiff's attachment at the instance of a subsequent creditor, is, therefore, appealable to this court

We think the papers presented to the judge, upon which the attachment was granted, contained some evidence to establish the necessary jurisdictional facts and justified the granting of the writ. These papers consisted of a complaint verified by the plaintiff and a separate affidavit made by him. The complaint set forth a cause of action on contract for the breach of a warranty on the sale of beans. It alleges that between the 30th day of January and the 4th day of February, 1888, the plaintiffs bought of the defendants one thousand bags of beans to be shipped from France, and that the purchase-price was paid March 22, 1888; that the defendants warranted that the beans should be of a kind and quality

equal to a sample furnished at the time of the purchase; that the beans delivered under the contract were of a kind and quality not equal to the sample, but were greatly inferior thereto; that by reason of the breach of warranty the plaintiffs were damaged in the sum of $1,064.51. The affidavit states the purpose of the action; that the defendants are non-residents of this state and reside at Havre, France, and that the plaintiffs are entitled to recover from the defendants the sum of $1,064.51, over and above all counter-claims known to the affiant. Section 636 of the Code prescribes the conditions of procuring an attachment. By subdivision one of that section the plaintiff must show, by affidavit to the satisfaction of the judge, that one of the causes of action specified in the last section (§ 635) exists against the defendant. If the action is to recover damages for breach of a contract, the affidavit must show that the plaintiff is entitled to recover a sum stated, over and above all counter-claims known to him. The case comes under this subdivision. Objection is taken that the contract on which the action is brought is not alleged with sufficient definiteness in the complaint, but the principal objection is that no facts are shown upon the papers from which it can be seen that the plaintiffs have sustained damages from a breach of the warranty to the amount of $1,064.51, or, indeed, in any amount beyond nominal damages. The complaint contains all the necessary elements of a cause of action for a breach of warranty. It alleges a sale, a warranty, a breach of the warranty, and damages consequent thereon in a sum stated. The affidavit supplements the statement of the amount of damages in the complaint by the averment that the plaintiffs are entitled to recover that sum for the breach of the warranty over and above all counter-claims. The rule of damages, upon the facts stated, is the difference in value between beans of the kind and quality of the sample and those of the kind and quality delivered. The complaint does not distinctly show upon its face that upon this rule the damages would be the sum stated. But it cannot be supposed that beans greatly inferior in quality to those war-

ranted would be worth but a nominal amount less than beans of greatly superior kind and quality. The difference in the value of different kinds of merchandise is in very many, perhaps in most cases, mere matter of opinion. The allegation in the complaint that the damages were the sum stated is an averment of a fact in form, but really of the opinion of the plaintiffs that the damages were so much, and this they verified. The complaint and affidavit upon this point is undoubtedly very general, and is open to criticism. But dealing here solely with the question of jurisdiction, we think the affidavits did tend to show a cause of action on contract, and a liability of the defendants to the amount stated, and this was enough to sustain the attachments. (*Steuben Co. Bank* v. *Alberger,* 78 N. Y. 258.) Many cases have been cited upon the point that affidavits to procure an attachment should make a plain case, and attachments have been frequently vacated because the facts were loosely or argumentatively stated in the affidavits. It is certainly reasonable that the judge should insist upon a full and clear statement of facts, bringing the case immediately within the statutory conditions before granting the warrant. The issuing of process, by which the property of a defendant may be impounded before judgment, should be attended with all reasonable safeguards to prevent imposition or oppression. If the order vacating the attachment, from which this appeal is taken, had been obtained on the application of the defendant in the action, this court could not interfere. But as the action of the Special and General Terms is divested of any element of discretion, and the only inquiry is whether the affidavits conferred jurisdiction to grant the warrant, the conclusion that jurisdiction existed determines the appeal.

The orders of the Special and General Terms should be reversed, and motion denied, with costs.

All concur.

Orders reversed.