## HAEBLER *v.* MEYERS.

*(Supreme Court, Special Term, New York County.  February 17, 1890.)*

ATTACHMENT—REINSTATEMENT—RESTITUTION BY JUNIOR LIEN CREDITOR.

    Where an attachment is vacated on the motion of one who has a junior lien on the attached property, and the sheriff thus pays to such junior lien creditor the proceeds of the attached property in satisfaction of his lien, the junior lien creditor cannot be compelled to make restitution to the attachment creditor of the amount so received on reversal of the order vacating the attachment.

Action by Theodore Haebler against Elizah Meyers and J. Harby Moses. Defendants demur on the ground that the complaint does not state facts sufficient to constitute a cause of action. For former litigation, see 4 N. Y. Supp. 873; 9 N. Y. Supp. 725; 22 N. E. Rep. 167.

    *Marshall P. Stafford,* for plaintiff.  *Billings & Cardozo,* for defendant.

VAN BRUNT, P. J.  The complaint in this action alleges that in April, 1888, the plaintiffs issued to the sheriff of New York an attachment in an action in which these plaintiffs were plaintiffs and John G. Bernharth and lienors were defendants.  That the sheriff levied said attachment, and by reason of such levy received the sum of $900.  That in November, 1888, upon motion of the defendants as subsequent lienors, an order was entered vacating the plaintiffs' attachment.  That thereupon the sheriff paid over to these defendants as subsequent lienors said $900 which he had collected under the attachment issued to him by the plaintiffs.  In the same month the plaintiffs obtained judgment in the action in which the attachment was issued for $1,257.91, and issued an execution thereon, which was returned unsatisfied.  In October, 1889, the court of appeals reversed the order vacating the attachment, and denied the motion made by the defendants to vacate the attachment. *Haebler* v. *Bernharth,* 115 N. Y. 459, 22 N. E. Rep. 167.  That restitution of the said $900 has been demanded and refused, and judgment of restitution is asked for.  To this complaint the defendants demur upon the ground that the complaint does not state a cause of action against them in favor of the plaintiffs.  I fail to see how this action can be maintained.  The defendants have received nothing from the plaintiffs which they are bound to restore to them.  The inference to be drawn from the allegations of the complaint is that the sheriff has realized out of the property of John G. Bernharth and others, upon attachments against them, the sum of $900, and that he has paid such sum over to the defendants in this action upon an execution issued to said sheriff against the property of said Bernharth and others in their favor. It is true that, but for the vacation of their attachment, the plaintiffs in this action would have been entitled to receive that money, but, that attachment having been vacated, the sheriff was bound to pay to the party next entitled, and this he did, and the lien of the plaintiffs seems to have been lost.  It does not seem to be very material upon whose motion the attachment was vacated. The same result would have followed had the motion to vacate been made by the defendants in the attachment.  In all the cases cited where restitution has been ordered or decreed the party whose money or property had been taken was the moving party, not a party who had lost a lien because of an erroneous decision of the court; and that is all that the plaintiffs had by reason of their attachment.  The property was not theirs, but belonged to the defendants in the attachment until it was devoted to the payment of the defendants' execution.  I do not see how the defendants are under any liability to the plaintiffs in an action like the present one because the sheriff has paid them their execution out of property upon which they formerly had a lien of which they were unjustly deprived.  The demurrer must be sustained, with costs.