CUNNINGHAM et al. v. VON PUSTAN et al.

(*Supreme Court, General Term, First Department.* March 28, 1890.)

1. ATTACHMENT—AFFIDAVIT.

An affidavit for an attachment against the property of non-residents alleged that defendants were indebted to plaintiffs in a certain sum, over and above all counter-claims known to plaintiffs and deponent; that the claim rested on the sale to plaintiffs of hides to be shipped to New York at prices mentioned; that the contract of sale expressly provided that none of the hides should weigh less than 8½ pounds, nor more than 14 pounds; that, in accordance with the contract, the hides were to be paid for while on the high seas; and that the hides weighed from 6 to 27 pounds, and were worth much less than those provided for by the contract. *Held,* that the claim, as stated, was one upon which an attachment might issue. Following *Haebler* v. *Bernharth,* 22 N. E. Rep. 167.

2. SAME—MISJOINDER OF PARTIES.

The fact that two of the persons named as defendants in the caption of the affidavit were not connected with the transaction out of which the claim arose, was no reason for disturbing the attachment.

Appeal from special term, New York county.

Action by William T. Cunningham and others against Theodore von Pustan and others. Defendants appeal from an order denying their motion to vacate an attachment against their property.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Courtland V. Anable,* for appellants. *G. H. Knox,* for respondents.

BRADY, J. In this action there are apparently seven defendants. The affidavit upon which the attachment was procured alleged the copartnership of the plaintiffs, and that five of the defendants, naming them, and excluding two stated in the caption, namely, Carl von Pustan and Otto Schneider, were also copartners, transacting business as such under the firm name of Pustan & Co. It also alleges that these five persons were indebted to the plaintiffs in the sum named, over and above all counter-claims known to the plaintiffs and deponent; and then alleges that the claim rests upon the sale to the plaintiff of certain hides to be shipped from Hong Kong, China, to the port of New York, at prices mentioned; and, further, that by the contract it was expressly provided that none of the hides should weigh less than from $8\frac{1}{2}$ to 9 pounds, nor more than 14 pounds. It also alleges that in accordance with the contract the hides were to be paid for while on the high seas, and before the plaintiffs had an opportunity to examine them; that the hides arrived at the port of New York, but were not in accordance with the contract, weighing from 6 to 27 pounds, and were worth much less than the hides provided for by the contract. There is no doubt that on such a claim as is thus stated an attachment may issue. The question has been so decided expressly. *Haebler* v. *Bernharth*, 115 N. Y. 459, 22 N. E. Rep. 167.

But there is some embarrassment occasioned by the appearance of the seven names in the caption of the affidavit on which the attachment was issued. There is no allegation that all these persons were liable on the claim urged. Indeed, the proof relates to the five only who are named for that purpose, and it must be assumed that the two additional were not jointly connected with the transaction out of which the demand urged arose, and who are therefore disregarded as unconnected therewith. A multitude of defendants will not authorize a demurrer, however too numerous. Code, § 488. The appeal thus considered, the attachment was properly issued, and should be sustained. There is no reason apparent why it should be disturbed. The order appealed from should be affirmed, with $10 costs of this appeal, and disbursements.

All concur.