HAEBLER *et al.* *v.* BERNHARTH *et al.*

(*Superior Court of New York City, General Term.* May 5, 1890.)

ATTACHMENT—DISSOLUTION—OPPOSING AFFIDAVIT.

Where an attachment debtor delays moving to vacate the attachment for over 18 months, it is not substantial error for the court to permit plaintiff to read opposing affidavits as to occurrences in the action since the granting of the attachment.

Appeal from special term.

Action by Theodore Haebler and Oscar Faehrmann against John G. Bernharth and others. Defendants appeal from an order denying their motion to vacate the warrant of attachment issued therein. For court of appeals' opinion, sustaining the attachment against subsequent lienholders, see 22 N. E. Rep. 167, reversing 4 N. Y. Supp. 873.

Argued before SEDGWICK, C. J., and FREEDMAN and O'GORMAN, JJ.

*Condert Bros.*, for appellants. *Marshall P. Stafford*, for respondents.

O'GORMAN, J. The warrant of attachment in this case was granted by the court on April 5, 1888. An order to show cause why the attachment should not be vacated on the papers upon which the same was granted was made on November 10, 1889. The motion on the order to show cause was denied by the judge at special term, and from that decision the defendants appeal, on the ground that the court allowed the plaintiffs to submit an affidavit in opposition to the defendants' motion to vacate the warrant, made on November, 1889; that the court had not power to receive and consider said affidavit on defendants' motion to vacate; that plaintiffs had been guilty of laches in offering said affidavit, setting forth that the plaintiffs had obtained a judgment against the defendants by default; that the money held by the sheriff on the plaintiffs' attachment had been by some indirection applied to payment of a judgment of another creditor of the parties defendant, and an action against such creditor for restitution of such money is now pending.

The delay of defendants in moving to vacate the attachment is laches, which did not seem entitled to much favor from the court before which the motion to vacate was made. The permission of the court to the plaintiffs counsel to read affidavits as to occurrences in the action since the granting of the attachment was not substantial error. The affidavit on which the warrant of attachment was granted discloses facts sufficient to warrant the order. *Haebler* v. *Bernharth*, 115 N. Y. 459, 462, 22 N. E. Rep. 167. The remedy by attachment is summary, and should not be hampered and frustrated by unnecessary

technicality, although all proper precautions should be taken to protect a defendant against imposition or oppression. The order appealed from should be affirmed, with costs. All concur.