PETITION OF JOHN A. CROSS for leave to intervene in MASSA-
CHUSETTS LOAN & TRUST CO. vs. BROWN, STEESE & CLARK. ·

An attaching creditor cannot, to protect his rights under the attachment, intervene in an
action brought by a creditor with a prior attachment against the common debtor.

*December* 28, 1891. STINESS, J. In this case an attaching
creditor claims the right to intervene and to be heard in respect
of the judgment, if any, to be entered therein, in order to protect
his rights as a subsequent attaching creditor. No reason for in-
tervention is set forth, no fraud, collusion, or illegality is alleged,
but the petition is based simply upon a claim of right as a subse-
quent attaching creditor. Assuming, however, that some such
ground might be shown in proof, the underlying question is,
whether the petitioner has the right to intervene at all.

Special provision is made in our statutes for the intervention of
persons interested in the subject-matter but not parties to a suit,
in two cases; viz., in proceedings in equity, Pub. Stat. R. I.
cap. 192, § 15, and in cases of assignments of property attached
on trustee process, Pub. Laws R. I. cap. 433, § 1, of May 2,
1884. The present application goes beyond these statutory pro-
visions and asks for the intervention of a subsequent attaching
creditor in an action at law. The passage of these laws raises
some presumption that without them there could be no interven-
tion; and if not in equity, nor in the case of a claim of full own-
ership of the property attached, then much less in a case where
the party seeking to intervene has only an attachment lien. The
application is a novel one in the practice of this State, and in the
absence of statutory authority cannot be supported unless it is a
common law right. The petitioner contends that as a subsequent
attaching creditor may defeat a prior attachment at common law,
by showing that the judgment on which it rests was collusively
and fraudulently obtained, he ought to be allowed to intervene to
prevent a judgment, for any cause for which he could afterwards

avoid it, in order to prevent circuity of action. We do not see that the reason upon which this claim is rested is a sound one. The trial of the question of fraud would be the same in the original as in a subsequent action, with the added question whether the petitioner himself had a valid claim, and so at least three things would come up for determination, and each an issue by itself, viz., the debt sued on, the fraud of the parties, and the petitioner's debt. The number of actions might appear to be reduced, but the circuity would remain, with increased inconvenience to all parties. The question then comes whether the petitioner is entitled to intervene, under a common law right.

In New Hampshire it is said by the court to be familiar practice, in that State, to permit such intervention, *Pike* v. *Pike*, 24 N. H. 384; but the practice rests upon no authority outside of the State itself. In *Jacobs* v. *Hogan*, 85 N. Y. 243, the court entertained no doubt, although it cited no authority for the opinion, that a junior attacher held such relation to property attached as to entitle him, independently of the code, to apply for the recall of an invalid process inadvertently issued. *McCluny* v. *Jackson*, 6 Gratt. 96, allowed the intervention in analogy with other remedies provided by the code. The case of *Smith* v. *Gettinger*, 3 Ga. 140, is the strongest case referred to in favor of the petitioner. On principle, it rests upon the ground that the intervention tends to limit litigation, and presents a question of fraud which can as well be determined at law as in equity. On authority, it rests upon cases in Massachusetts where, since 1823, there has been a statute allowing intervention. The case of *Pierce* v. *Jackson*, 6 Mass. 242, which was prior to the Act of 1823, was not a case of intervention at all, but an action against a sheriff by an attaching judgment creditor, where the defence was allowed that the plaintiff's judgment was fraudulent. *Hale* v. *Chandler*, 3 Mich. 531, was a bill to marshal attachment liens, and while the court says it would be unobjectionable to allow a subsequent attaching creditor to appear in the prior suit and defend in the name of an absconding debtor, it also says such a course was contrary to the well-settled practice of the State. *Seibert* v. *Snitzer*, 35 Ohio St. 661, was an action by one of several attaching creditors against the others to determine the priority of the liens.

*Walker & Bradford* v. *Roberts*, 4 Rich. S. Car. 561, was of the same character, the fund being in court for distribution. These cases, therefore, fall very far short of establishing authority for intervention in a common law action, or a sufficient reason, outside of the statutory provision, on which it could rest. In several States this question is settled by statute. On the other hand are cases which deny the right of intervention. In *Bank of Fayetteville* v. *Spurling*, 7 Jones, N. Car. 398, the question is thoroughly discussed and the earlier cases reviewed. The court considers the question, "Will a court of justice lend its aid to one who, as I am ready to prove, has no subsisting debt?" by replying: "If you are permitted to contest the plaintiff's debt, he must be permitted to do so in respect of your debt, and thus make a double suit, wholly at variance with the course of law and for which there is no precedent." To this it may be added that there is just as much chance for a debtor's collusion with a junior attacher to hinder or defeat a prior attacher as there is for collusion with the latter to cheat the former; and in such a case the injustice would be as manifest as the equity in the reverse. The orderly way in law is for each one to pursue his own rights in his own action; and if in so doing another seeks to circumvent him by fraud, the existing remedies are ample. To this effect also see *Ward* v. *Howard*, 12 Ohio St. 158; *Whipple* v. *Cass*, 8 Iowa, 126; *Van Arsdale & Warnock* v. *Krum*, 9 Mo. 397; *Kincaid* v. *Neall*, 3 McCord, S. Car. 201; *McBride* v. *Floyd*, 2 Bailey, S. Car. 209.

Our conclusion is that the motion to intervene in the present action at law must be denied. *Petition dismissed.*

*James Tillinghast*, for petitioner.

*Albert A. Baker, contra.*