JOSEPH G. HITNER, RESPONDENT, *v.* ENOS BOUTILIER
AND ANOTHER, APPELLANTS.

*Attachment — sufficiency of papers — complaint on information and belief.*

Affidavits for an attachment are insufficient which fail to set forth the grounds of
the claim and cause of action, except by referring to the verified complaint
in the action and making it a part of the affidavits, when such complaint is
made upon information and belief only, and there is no verified statement in
it or in the papers showing the sources of information or the grounds of belief.

APPEAL by the defendants, Enos Boutilier and another, from an
order, made at the Onondaga Special Term on the 1st day of Octo-
ber, 1892, denying a motion to vacate a warrant of attachment
granted against the defendants' property.

*S. M. Lindsley*, for the appellants.

*Jones & Townsend*, for the respondent.

MARTIN, J.:

This is an appeal from an order denying defendants' motion to
vacate an attachment. The motion was made on the papers upon
which the attachment was granted.

In the affidavits for the attachment the only statement of the
facts constituting plaintiff's alleged claim or cause of action was as
follows: "That the grounds for said claim and causes of action are
fully set forth in the complaint in this action, which is hereto
annexed, and which has been duly verified by this deponent Sep-
tember 20, 1892, and deponent here refers to the said complaint,
and the same and the whole of it is made a part of this affidavit,
with the same force and effect as though it was here set forth and
repeated in full." The allegations in the complaint were all made
upon information and belief, with no statement in the complaint or
affidavits as to the sources of plaintiff's knowledge or grounds of his
belief.

The appellants contend that the attachment was improperly
granted, because none of the affidavits upon which the warrant was
issued disclosed the existence of any cause of action against the
defendants.

It seems to be settled that to entitle a plaintiff to a warrant of attachment he must, by affidavit, show sufficient facts to establish a cause of action against the defendant, and specify the grounds of his claim. (Code of Civ. Pro., § 636 ; *Jacobs* v. *Hogan*, 85 N. Y., 243, 244 ; *Manton* v. *Poo'e*, 67 Barb., 330 ; *Walts* v. *Nichols*, 32 Hun, 276 ; *Belden* v. *Wilcox*, 47 id., 331 ; *Pomeroy* v. *Ricketts*, 27 id., 243.) In *Jacobs* v. *Hogan* (*supra*) RAPALLO, J., in delivering the opinion of the court, said : " The affidavit wholly omitted to show that the plaintiff had any cause of action against the defendants upon which an attachment could be founded or to specify the grounds of his claim. These were fatal jurisdictional defects, which entitled the appellants to have it set aside."

It is obvious that in this case sufficient facts were not shown to entitle the plaintiff to an attachment unless they appear in the complaint. But the facts in the complaint are stated solely upon information and belief, and the rule seems to be that the material averments necessary to entitle a plaintiff to a warrant of attachment must be stated positively, and not upon information and belief, unless the sources of information and grounds of belief are stated. (*Steuben Co. Bank* v. *Alberger*, 78 N. Y., 252 ; *Hill* v. *Bond*, 22 How. Pr., 272 ; *Ackroyd* v. *Ackroyd*, 20 id., 93 ; *Ex parte Haynes*, 18 Wend., 611 ; *Pride* v. *I., D. and W. Ry. Co.*, 21 N. Y. St. Rep., 261 ; *Buell* v. *Van Camp*, 119 N. Y., 160.) In *Buell* v. *Van Camp* (*supra*) EARL, J., said : " All that is required is that the information furnished by the affidavit shall be such that a person of reasonable prudence would be willing to accept and act upon it. The mere averment, however, of a fact upon information and belief without more is not sufficient ; but the sources of the information and the grounds of the belief must be stated so that the judicial officer to whom the affidavit is presented may judge whether the information and belief have a proper basis to rest on." In 1 Rumsey's Practice (518), it is said : " In this case, as in others, a verified pleading is regarded as an affidavit. (Code Civ. Pro., § 3343, sub. 11.) When so used, however, it should comply with the requirements of other affidavits as to the manner of stating the facts."

In the case before us, there was no verification by affidavit of the facts stated in the complaint. Such facts having been stated on information and belief only, without any verified statement showing

the sources of information or grounds of belief, we think the affidavits were not sufficient to justify the issuing of the attachment.

The case of *Haebler* v. *Bernharth* (115 N. Y., 459) is not in conflict with this conclusion, as an examination of the appeal book in that case discloses that the allegations in the complaint were positively stated.

Moreover, the sufficiency of the plaintiff's affidavits to show that the defendants had removed or were about to remove their property from the State with intent to defraud their creditors, or had assigned, disposed of or secreted, or were then assigning, disposing of or secreting their property with like intent is, to say the least, doubtful. But, as the order must be reversed on the grounds already stated, it is unnecessary to examine this question.

It follows, therefore, that the order appealed from should be reversed and the attachment vacated.

Hardin, P. J., concurred; Merwin, J., not sitting.

Order reversed, with ten dollars costs and disbursements, and motion granted.