(70 App. Div. 228.)

## AXFORD v. SEGUINE.

(Supreme Court, Appellate Division, First Department. March 7, 1902.)

1. ATTACHMENT—AFFIDAVIT—INDEBTEDNESS—MOTION TO DISSOLVE—CREDITORS OF DEFENDANT.

An affidavit for attachment showing that plaintiff's intestate and defendant had been jointly seised of certain property, which was sold, and certain purchase-money mortgages taken in their joint names, and that in dividing the proceeds of the sale they agreed that certain mortgages, particularly described in the affidavit, should be included in the share of the deceased, and that defendant had collected and satisfied such mortgages, and converted the money, stating the amount thereof, to his own use, and that such sum was due to plaintiff from defendant over and above all counterclaims known to deponent, sufficiently shows an indebtedness of defendant to plaintiff as against a motion by creditors of defendant to dissolve the attachment.

2. SAME—INSUFFICIENT ALLEGATION.

An allegation in an affidavit for attachment that "deponent will allege in his complaint herein" certain facts is not an allegation of the truth of such matter, and is bad.

Van Brunt, P. J., dissenting.

Appeal from special term, New York county.

Action by William B. Axford, as administrator of the estate of William H. Axford, deceased, against Ezra K. Seguine. From an order granting the motion of Eli T. Ely and another, creditors of defendant, to vacate an attachment, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

Henry G. K. Heath, for appellant.
William S. Maddox, for respondent.

HATCH, J. The motion to vacate was made by subsequent lienors, and was based upon the papers upon which the attachment was granted; the claim being that they were insufficient to support the same. There was no complaint either drawn or served, and the proof, showing right to the attachment, was contained in affidavits. The point involved in the application is whether the affidavits con-

tain an averment sufficient to show the existence of an indebtedness against the defendant in the favor of the attaching creditor. It appears therefrom that the plaintiff's intestate and the defendant were during the lifetime of the deceased jointly seised of certain real property in the city of Buffalo, in the state of New York; that prior to the intestate's death certain portions of such property were sold, and purchase-money mortgages given in the joint name of the deceased and the defendant. The mortgages are particularly specified, and the respective amounts due thereon are stated. It is further alleged "that after the delivery of said mortgages said deceased had an agreement and understanding with the defendant whereby it was agreed that, in dividing the proceeds of the sale of the property covered by the above mortgages, the said mortgages should be included in the share of the deceased." The affidavit then proceeds to state that such agreement was made in the presence of deponent; that he heard the same and knows its terms; that since the making of the mortgages the defendant has collected the same, and given a satisfaction piece therefor, and has fraudulently taken and converted the money so collected to his own use, and upon demand has refused to pay the same to the plaintiff; that the amount of the moneys so collected is $4,730, which sum is due and owing to the plaintiff by the defendant, with interest from April 21, 1896, over and above all counterclaims known to the deponent; that the defendant is a resident of the state of New Jersey.

The decision of the learned court below proceeded upon the ground that the allegation of ownership of the mortgages and proceeds therefrom was insufficient, and did not show that either the mortgages or the proceeds were the property of the deceased at the time of his death; that if such ownership was sufficiently pleaded no breach of the agreement was shown; that, conceding that the mortgages and proceeds were to be set apart to the deceased, yet that it did not appear but that there were offsets held by the defendant which might wipe out the specific items, the subject of the action.

We are of the opinion that the allegations contained in the affidavits were sufficient to show that the deceased became entitled to have and receive the sums of money collected from the mortgages. Such fact being established, the learned judge, in concluding that such sum might be wiped out upon an accounting between the parties, overlooks the averment of the affidavit that the same is due and owing over and above all counterclaims known to deponent. This was a jurisdictional fact necessary to be stated, and is sufficient in answer to the suggestion that the item might be wiped out by offsets and counterclaims. As the averment stood, the debt was established as a debt due and owing, and not subject to any deduction. All of the jurisdictional facts, therefore, appeared, and the plaintiff made a prima facie case to warrant the issuing of an attachment. It would be necessary for the defendant to establish that the amount was subject to deduction in order to answer the facts stated in the affidavit; for, according to its averments, no such claims existed to defeat or reduce the amount of the claim. This motion having been made by subsequent lienors, the parties stand upon their strict legal

rights; and if the affidavits contain a statement of the cause of action and the jurisdictional facts, as required by the Code, no authority exists to vacate the same. Haebler v. Bernharth, 115 N. Y. 459, 22 N. E. 167. It follows, therefore, that as to the first cause of action sufficient appears to sustain the attachment for the amount of the debt shown therein to exist.

The allegation as to the second cause of action is clearly bad. The statement that "deponent will allege in his complaint herein" states nothing. He might change his mind, and conclude not to allege it, or to aver something else. It is not the statement of any fact.

It follows that the order vacating the attachment should be reversed, and the attachment sustained as to the first cause of action, without costs to either party.

McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ., concur.

VAN BRUNT, P. J. I dissent. I do not think that the affidavit shows any cause of action, and the attachment should be entirely vacated.