■ IRWIN KALLMAN, Appellant, v. CLAUDE M. HENDERSON et al., Defendants, and JOSEPH ECKHAUS et al., Respondents.—Order entered October 4, 1965, vacating the warrants of attachment herein, reversed, on the law, on the facts and in the exercise of discretion, with $50 costs and disbursements to plaintiff-appellant, and the motion therefor denied. Defendant Henderson is in default as to both the complaint and amended complaint. The vacatur of the California default judgment against Henderson occurred after the warrants of attachment issued. The court's jurisdiction to grant the attachments is not challenged. The vacatur of the California judgment affects only the proof of plaintiff's claim; it may not now be established by the judgment and may require proof of the original claim. Respondents are not parties to the suit herein and especially in the light of Henderson's default may not defend on the merits in behalf of Henderson, as they seek to do herein. Where the application to vacate an attachment is not made by a defendant, the sole question is whether there was jurisdiction to grant the attachment. (*Haebler* v. *Bernharth,* 115 N. Y. 459, 463.) We are not here concerned with any levy or property affected thereby. In the event we would have found that vacation of the attachments was mandated as a matter of law, the exercise of discretion in the peculiar circumstances presented would have induced us to take other appropriate action. Specifically, we would have stayed execution of the order vacating the attachments pending the determination of the action in California. Concur — McNally, J. P., Eager, Steuer and Witmer, JJ.; Stevens, J., dissents in the following memorandum: I dissent and vote to affirm. The warrant of attachment was properly vacated. Having been issued on the basis of the California judgment, when such judgment was vacated the warrant could not be supported. I have no doubt that a judgment granted in New York in aid of the attachment prior to the vacatur of the California judgment, would be set aside upon proper application. Appellant's amendment of his complaint subsequent to the vacatur of the California judgment, should not serve to support this attachment. The amendment did not cure a defect (see 7 Weinstein-Korn-Miller, pars. 6223.12–6223.14) but advanced a new and different cause of action. The prerequisite for issuance of the original order of attachment was a judgment valid so long as it existed. And such judgment was the sole basis upon which the attachment issued. The judgment no longer existing, the attachment was vacated. Moreover, appellant's contention that respondents may not maintain this proceeding should be rejected in light of the language of CPLR 6223 (cf. Civ. Prac. Act, § 948) and the earlier determination in actions instituted by appellant involving his claim and the subject matter of these proceedings.