or different ways, works, or machinery than it did, and that there was no statute which required it to guard or cover the cogwheels in question, so far as this plaintiff is concerned, and that it had incurred no common-law liability by any of its acts or omissions in the premises, naturally defendant's counsel might feel reasonably contented, because such instructions measured the defendant's liability so far as that trial was concerned, however erroneous they might be.   While there are other expressions in the charge more or less in conflict with those alluded to, we think defendant's counsel had a right to assume that the propositions thus specifically and pointedly charged measured the defendant's liability.

Without intending to indicate that, in our opinion, the evidence in this case, if believed by a jury, was not sufficient to establish negligence as against the defendant under the provisions of the section of the labor law to which attention has been called, or that the evidence is not sufficient to absolve the plaintiff from the charge of contributory negligence or the assumption of risk, nevertheless, in view of the instructions given to the jury by the learned trial court, we think the judgment and order appealed from must be reversed, and a new trial granted, with costs to the appellant to abide event.   All concur.

Judgment and order reversed and new trial granted, with costs to appellant to abide event, upon questions of law only; the facts having been examined, and no error found therein.

---

### STRICKLAND v. NATIONAL SALT CO.

(Supreme Court, Appellate Division, First Department.   June 9, 1905.)

RECEIVERSHIP—SALE UNDER ATTACHMENT—INJUNCTION—MOTION.

A motion for an injunction to restrain the plaintiff in an action in a federal court, and the marshal of that court from proceeding with an attachment sale of real estate claimed to be in the possession of receivers of the defendant, appointed and acting in the action in which the motion is made, will not be granted, neither of the parties sought to be restrained being a party to the action in which the motion is made.

Appeal from Special Term.

Action by Chauncey H. Strickland against the National Salt Company.   From an order denying a motion for an injunction restraining George S. Ingraham as plaintiff in an action in the United States Circuit Court for the Eastern District of New York and the marshal of that court from selling real estate claimed to be in the hands of receivers of defendant, Nathan S. Beardslee and another, as receivers, appeal.   No opinion.   Affirmed.

The following is the opinion of the Special Term (Gildersleeve, J.):

This is a motion for an injunction restraining the plaintiff in an action in the United States Circuit Court for the Eastern District of New York and the marshal of that court from proceeding with the sale of certain real estate claimed to be in the possession of ancillary receivers of the defendant, appointed, qualified, and acting in this action.   It will be observed that an injunction is asked for by motion in an action to which neither of the parties

sought to be restrained is a party. Where an order of the court has been made, restraining all persons from interfering with property placed in the custody of officers of the court, such as receivers, the right to an injunction for actual or threatened violation of such orders is unquestionably against persons who may or may not be parties to the action; but the right to a perpetual injunction in an action against a person or persons not parties thereto is not clear, and the authority of this court to grant such an order is extremely doubtful. If the receivers in this action had begun an action against the marshal in the action in the United States court for the relief they seek to obtain by this motion, their right to at least an injunction pendente lite might be conceded; but the right to such injunctive relief by mere motion is so extremely doubtful, and my attention not having been called to any authority therefor, I am constrained to deny this motion.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

H. B. Twombly, for appellants.
G. S. Ingraham, pro se.

PER CURIAM.   Order affirmed, with $10 costs and disbursements.

---

BEARDSLEE et al. v. INGRAHAM et al.

(Supreme Court, Appellate Division, First Department.   July 7, 1905.)

1. JUDGMENT—RES ADJUDICATA—PARTIES.
    Where, in an action against a corporation, the receivers thereof appointed in such action by motion raised the question whether another action against the corporation could proceed to a sale of the property attached, the determination was not res adjudicata as to the question in a suit brought by the receivers to restrain the sale.

2. ATTACHMENT—PROCEEDINGS—ACQUISITION OF LIEN ON REAL ESTATE.
    Under Code Civ. Proc. § 649, providing that a levy of attachment on real estate shall be made by filing a notice of the attachment with the names of the parties to the action, etc., in the office of the clerk of the county where the real property is situated, the effect of the attachment is simply to create a lien on the property.
    [Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attachment, §§ 518–527.]

3. INJUNCTION—SALE UNDER ATTACHMENT—PROPERTY IN HANDS OF RECEIVER.
    Where, after an attachment had been levied on real estate of a corporation in an action in a federal court, the property of the corporation was placed in the hands of receivers appointed by a court of New York, and the receivers ordered to sell the real estate free and clear of all incumbrances, but the incumbrances to attach to the proceeds of sale, an injunction would lie to restrain a sale under the attachment, but the attachment plaintiffs were entitled to payment out of the proceeds in case they had acquired a valid lien on the land.
    Ingraham and McLaughlin, JJ., dissenting.

Appeal from Special Term, New York County.
    Suit by Nathan S. Beardslee and another, as receivers of the National Salt Company, against George S. Ingraham and another. From an order granting an injunction pendente lite, defendants appeal.   Affirmed.

    The motion was made to procure an injunction pendente lite restraining George S. Ingraham, a judgment creditor of the National Salt Company, from selling or attempting to sell, by means of a levy made by the United States