BEARDSLEE et al. v. INGRAHAM et al.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

1. JUDGMENT—RES ADJUDICATA—PARTIES.

Where, in an action against a corporation, the receivers thereof appointed in such action by motion raised the question whether another action against the corporation could proceed to a sale of the property attached. the determination was not res adjudicata as to the question in a suit brought by the receivers to restrain the sale.

2. ATTACHMENT—PROCEEDINGS—ACQUISITION OF LIEN ON REAL ESTATE.

Under Code Civ. Proc. § 649, providing that a levy of attachment on real estate shall be made by filing a notice of the attachment with the names of the parties to the action, etc., in the office of the clerk of the county where the real property is situated, the effect of the attachment is simply to create a lien on the property.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attachment, §§ 518–527.]

3. INJUNCTION—SALE UNDER ATTACHMENT—PROPERTY IN HANDS OF RECEIVER.

Where, after an attachment had been levied on real estate of a corporation in an action in a federal court, the property of the corporation was placed in the hands of receivers appointed by a court of New York, and the receivers ordered to sell the real estate free and clear of all incumbrances, but the incumbrances to attach to the proceeds of sale, an injunction would lie to restrain a sale under the attachment, but the attachment plaintiffs were entitled to payment out of the proceeds in case they had acquired a valid lien on the land.

Ingraham and McLaughlin, JJ., dissenting.

Appeal from Special Term, New York County.

Suit by Nathan S. Beardslee and another, as receivers of the National Salt Company, against George S. Ingraham and another. From an order granting an injunction pendente lite, defendants appeal. Affirmed.

The motion was made to procure an injunction pendente lite restraining George S. Ingraham, a judgment creditor of the National Salt Company, from selling or attempting to sell, by means of a levy made by the United States

marshal under a certain attachment issued out of the United States Circuit Court, certain real estate situate in Wyoming county, in the state of New York, the title to which is in the receivers of the National Salt Company. The National Salt Company is a foreign corporation organized under the law of the state of New Jersey. On the 29th day of September, 1902, the appellants were appointed permanent receivers of said National Salt Company by the Court of Chancery of the state of New Jersey, that court having jurisdiction of the parties and the subject-matter of the action. On the 1st day of October, 1902, an order was made appointing the plaintiffs receivers of the property and assets of the National Salt Company in the state of New York, with full power to take into their possession all property of said company within this state, said appointment being ancillary to the appointment of the receivers of the Court of Chancery of the state of New Jersey. The receivers qualified and took actual possession of the real estate of the National Salt Company in the state of New York, and continued its business. On the 14th day of March, 1904, this court duly authorized said receivers to sell at public auction the real estate of the National Salt Company, which included the real estate now advertised for sale by the United States marshal, as hereinafter set forth. Said order contains a provision preserving liens, which is as follows: "Ordered that the sale of said property shall be made free and clear of all incumbrances, the proceeds of the sale thereof to stand in the place and stead of the property and the lien of such incumbrances to attach to such proceeds." The property was duly advertised, and on the 25th day of May, 1904, was sold at public auction, and on the 27th day of July, 1904, an order was made confirming said sale. Under the terms of this order title was not to be passed until payment of the full purchase price, which, not having been fully paid, the title still remains in these receivers. Prior to the appointment of the receivers, and on the 16th day of July, 1901, George S. Ingraham brought suit in the Supreme Court of Nassau county against the National Salt Company for $12,495, which said suit was subsequently removed to the United States Circuit Court for the Eastern District of New York. On the 6th day of November, 1901, a warrant of attachment was issued out of said United States Circuit Court in the said suit of Ingraham against the National Salt Company, and said warrant was filed in the office of the clerk of the United States Circuit Court for the Western District of New York, in Buffalo, N. Y., and on the 2d day of December, 1901, an amended notice of attachment was also filed in said clerk's office in that city. Under section 915, p. 684, of the United States Compiled Statutes, the United States Circuit Court for the Eastern District of New York on the 16th day of October, 1878, adopted the Code of Civil Procedure of New York as the law under which attachments issued out of said court should be governed. Section 649 of the Code of Civil Procedure of the state of New York provides that a levy under warrant of attachment must be made upon real property by filing with the clerk of the county where it is situated a notice of attachment. The warrant of attachment in the suit of George S. Ingraham against the National Salt Company was never filed at any time in the county clerk's office of the county of Wyoming; said Wyoming county being the county within which the property advertised for sale by the United States marshal is situated. Judgment was entered in the suit of George S. Ingraham against the National Salt Company in the United States Circuit Court in favor of the plaintiff and against the defendant on the 9th day of August, 1904, for the sum of $14,812.15. Said Ingraham at once issued his execution against the National Salt Company, and caused the United States marshal for the Western District of New York to advertise for sale at public auction on the 4th day of April, 1904, at the courthouse in Warsaw, county of Wyoming, the real estate set forth in the notice of sale, which real estate is part of the same real estate to which the receivers now have title, and which was the subject of the same of May 25, 1904. The receivers then brought this action to restrain said sale as an unlawful interference with property in the possession of this court, and from the restraining order this appeal is taken.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

George S. Ingraham, for appellants.
Henry B. Twombly, for respondents.

HATCH, J.   Under the title of "Chauncey H. Strickland v. The National Salt Co," 94 N. Y. Supp. 936, the question presented by this appeal was argued and to some extent considered by this court. Therein the motion was made on behalf of a judgment creditor in the interest of the receivers of the property. The court at Special Term expressed the opinion that, had the receivers herein begun an action against the defendant Ingraham to restrain the United States marshal from selling the property, a case would have been made which prima facie entitled the receivers to an injunction; but as the parties to that proceeding were not parties to this action, and had no interest therein, save as the moving party was a judgment creditor, a restraining order would not be granted. Upon appeal to this court the order was affirmed without opinion. Such determination, however, is not decisive of the present question, as the parties in interest are quite different, and stand in relation to the property as the representatives of the court. The receivers are parties in interest in this action, and the purpose of the action is to protect the property interest with which they have been invested under the several orders that have been made. In the attachment proceeding instituted by the defendant Ingraham it was required, in order to levy such warrant of attachment upon the real property and obtain a lien thereon, to file a notice of the same, stating the names of the parties to the action, the amount of the plaintiff's claim as stated in the warrant, and a description of the property levied upon, in the office of the clerk of the county where the real property is situated. Such notice is required to be subscribed by the plaintiff's attorney, and must be recorded and indexed by the clerk, and when so filed it has the same effect as the notice of the pendency of an action. Code Civ. Proc. § 649. As the property is not capable of being reduced to the possession of the officer, the effect of the attachment is simply to create a lien upon the property thus attached. Van Camp v. Searle, 79 Hun, 174, 29 N. Y. Supp. 757; s. c. on appeal, 147 N. Y. 150, 41 N. E. 427. The marshal, therefore, by the levying of the attachment, did not acquire the possession of the real property, but only a lien thereon, assuming the attachment to have been properly levied. Such were the status and rights of the parties when the action was instituted by virtue of which the receivers of the property of the corporation were appointed and under which they took possession of the same.

Had the action of Ingraham in which the attachment was levied continued in the courts of this state, he would have no right to levy his execution obtained pursuant to the judgment in his action so long as the receivers were in possession of the property; and he could in no wise interfere with such possession, although the lien of his attachment was in all respects regular and valid. The attempt to enforce the judgment by execution would constitute a contempt of court, and any sale thereunder while the property was in the possession of the receiver would be illegal and void. Wall-

ing v. Miller, 108 N. Y. 173, 15 N. E. 65, 2 Am. St. Rep. 400. Must a different rule be applied where the same conditions exist and the same rights were obtained, but where the attachment is issued out of a federal court having jurisdiction of the subject-matter? This question seems no longer to be one to be reasoned out on principles of jurisdiction or of comity existing between courts of different jurisdictions and exercising the same powers, as it is settled by an adjudication of the Supreme Court of the United States in determination of a claimed conflict of jurisdiction between the state and federal courts in Wiswall v. Sampson, 14 How. 52, 14 L. Ed. 322. Therein executions upon judgments issued by the federal court had been levied upon real property, and the same advertised for sale, when receivers were appointed by the Supreme Court of the state of Alabama in an action instituted therein who took possession of the property pursuant to the terms of the order appointing them. It was held that after notice of such appointment no proceedings under the execution could be taken without leave of the court appointing the receivers; that a sale thereunder would be illegal and void, and constitute the same a contempt of court. The Wiswall Case also holds that when the party in whose favor the executions have been issued applies to the court having custody of the property for the allowance of his lien, a determination of such court will be res adjudicata of his rights. This case has received uniform approval by the Supreme Court of the United States in a long series of decisions, and is now the settled law of that court. It was said by Mr. Chief Justice Fuller in Ex parte Tyler, 149 U. S. 181, 13 Sup. Ct. 789, 37 L. Ed. 689:

"No rule is better settled that when a court has appointed a receiver his possession is the possession of the court for the benefit of the parties to the suit and all concerned, and cannot be disturbed without the leave of the court; and that if any person without leave intentionally interferes with such possession, he necessarily commits a contempt of court, and is liable to punishment thereof"—citing Wiswall v. Sampson, supra, and other cases.

In that case the property was in the possession of a receiver appointed by the federal court, and an attempt was made to seize the property while in such possession under process issued by the state court to enforce the collection of a tax assessed against its owners under the laws of the state. It was held that the receiver's right was superior; but it was also held that the state was entitled to protection for the payment of its claim in accordance with the priority of its lien, and that the receiver or the court having the custody of the property would protect such right and interest. The same doctrine is announced in Porter v. Sabin, 149 U. S. 473, 479, 13 Sup. Ct. 1008, 37 L. Ed. 815, where it was held that in proceedings in rem instituted in both the federal and state courts, the court which first takes possession of the res acquires exclusive jurisdiction, and that process seeking to enforce the judgment of the court out of possession confers no right and conveys no title to the property if a sale thereunder be had. In Chautauqua County Bank v. Risley, 19 N. Y. 369, 377, 75 Am. Dec. 347, the Court of Appeals seems to deny the doctrine of Wiswall v. Sampson so far as it holds

that a sale under a valid lien after possession had been taken by a receiver was illegal and void, although it admitted that the party would be guilty of a contempt in enforcing the process. But in Walling v. Miller, supra, the Court of Appeals, speaking through Judge Earl, repudiates such doctrine, and affirms the holding in Wiswall v. Sampson to its fullest extent. A like conclusion was reached by the Circuit Court of the United States for the Southern District of California. In re Hall & Stilson Co. (C. C.) 73 Fed. 527. We have also been furnished with a MSS. opinion of Judge Thomas, of the United States Circuit Court for the Eastern District of New York, wherein the same doctrine is announced in an application for an order enjoining these receivers from interfering with the marshal in the execution of his process; the learned judge reaching the conclusion that that court ought not to stay the proceedings in the state court.

If the lien of the defendant's attachment be upheld, it will become the duty of the state court to recognize it as such, and pay it from the funds the proceeds of sale of the property, in the priority to which it is entitled. But until the defendant obtains leave of the state court to prosecute his lien, or procures some direction respecting its allowance, he is stayed in the enforcement of his judgment, so far as it affects that property, is guilty of a contempt of court if he attempt to proceed, and no title to the property can be acquired even though the execution were enforced by a sale.

It is said, however, that this doctrine is in conflict with that announced in the Supreme Court of the United States in Central Nat. Bank v. Stevens, 169 U. S. 432, 18 Sup. Ct. 403, 43 L. Ed. 97, which holds that, where jurisdiction by a court is once obtained it continues, and that such jurisdiction is not exhausted until the rendition of the judgment and the judgment is satisfied. Such rule is also asserted by the Court of Appeals of this state, and the doctrine of the federal court is cited with approval. Matter of S. S. T. B. Co., 136 N. Y. 169, 32 N. E. 623, 20 L. R. A. 391. Many other cases might be cited to support this rule, which now exists unquestioned and unassailed, recognized by federal and state courts alike. The rule is not in conflict with that to which we have called attention, as was very clearly pointed out by Mr. Justice Miller in the leading case of Buck v. Colbath, 3 Wall. 334, 18 L. Ed. 257, where the learned judge says:

"But it is not true that a court having jurisdiction of the subject-matter of a suit and a party before it thereby excludes all other courts from the right to adjudicate upon other matters having a very close connection with those before the first court, and, in some instances, requiring the decision of the same questions exactly."

The doctrine announced by this case has never been questioned either by federal or state courts. Sometimes it is referred to as a question of jurisdiction, sometimes as a question of comity. It may be called either. But it is not true, under circumstances such as are presented in this case, that the court in which an action or proceeding is first instituted acquires jurisdiction to enable it to deal with the property. The distinction is plain. The jurisdic-

tion is made to depend upon possession and is acquired by the court first seizing and taking the property into its custody. At this point the exclusive jurisdiction attaches, so far as that particular property is concerned; and the jurisdiction of the other court is at an end with respect thereto. The reason for the rule is stated in the several authorities to which we first called attention. It finds admirable expression in Re Hall & Stilson Co. (C. C.) 73 Fed. 527. It is not necessary, therefore, that we further pursue this subject.

The defendant Ingraham is entitled to payment out of the fund the proceeds of the sale of the land in the hands of the receivers, if he establish that he obtained a valid lien upon the land. If he does not, he takes nothing thereby. The order appointing the receivers makes special provision for guarding his interests, as well as the interests of all other lienors and claimants. The State Court, having possession of the property, must be left to exercise its jurisdiction and such as is essential to be exercised in the determination of these claims. To permit the defendant to sell under his execution would precipitate inextricable embarrassment and confusion. A case is presented, therefore, in which it was proper to issue an injunction.

The order granting the injunction should therefore be affirmed, with $10 costs and disbursements.

O'BRIEN, P. J., and PATTERSON, J., concur. INGRAHAM and McLAUGHLIN, JJ., dissent.