JOSEPH VAN CAMP, Respondent, *v.* EDWARD P. SEARLE, as Late Sheriff, etc., et al., Impleaded with JOHN G. SAWYER and THE ORLEANS COUNTY NATIONAL BANK, Appellants, and CHARLES A. KEELER and DAVID N. SALISBURY, Respondents.

1. ATTACHMENT — PRIORITY OF LIEN. The lien of successive attachments on real property attached under process in this state takes effect in the order in which the attachments are issued and levied, and the priority of lien is not dependent upon priority in date of the judgment obtained.

2. SETTING ASIDE PRIOR ATTACHMENT. Mere irregularities in attachment proceedings give no standing to subsequent attaching creditors to set aside a prior attachment. In the absence of fraud or collusion only defects which are jurisdictional, and which so affect the proceedings as to make them a nullity, are available to a subsequent lienor who seeks to set aside a prior attachment.

3. ATTACHMENT — FORM OF ACTION — SUFFICIENCY OF COMPLAINT. The jurisdiction to grant an attachment does not involve a preliminary determination by the officer, to whom application for the writ is made, whether in law the case presented by the complaint will entitle the plaintiff to the relief he asks. It is sufficient to authorize the officer to grant the writ, that it appears that the action is brought for one of the causes where attachment may issue, and the other facts are shown which authorize the process to be issued.

4. TRUST — ACTION AT LAW, AFTER TRUST CLOSED. While it is the general doctrine that the remedy of the beneficiaries of a trust against a trustee, where the trust is open and continuing, and the accounts of the trustee have not been settled and adjusted and a balance ascertained, is an action for an accounting in equity, and that an action at law, either for money had and received, or in any other form, will not lie in the first instance, it is otherwise where the trust has been closed and settled and the balance ascertained.

5. ATTACHMENT — REMOVAL OF EXECUTOR — ACTION FOR TRUST ASSETS — CONVERSION. In an action brought by an attachment-judgment creditor to establish a priority of lien on a fund arising from a sheriff's sale of realty under executions, two of the defendant lienors contested the validity of the plaintiff's attachment, which had been issued on the commencement of an action, in form an action for the conversion of personal property (Code Civ. Pro. § 635), solely upon the ground that the facts stated in the complaint therein showed that the only cause of action was one in equity for an accounting, and consequently that the action was not in fact one in which an attachment could issue. It appeared that the action in which such attachment was issued was brought by an administrator with the will annexed against his predecessor executor, who

it was charged had absconded. The complaint on which (together with an affidavit which asserted that the action was brought for a wrongful conversion) the attachment was issued stated that the defendant had rendered an account as executor, which had been settled judicially and the balance fixed and left in his hands during the life of a beneficiary of the income, which had ended ; that he subsequently sold property of the estate and received the proceeds; that he had been cited to account further and failed to appear, and thereupon had been removed from his office as executor and his letters revoked, and letters of administration with the will annexed issued to the plaintiff ; the complaint then charged conversion and demanded judgment for a specified sum. It appeared that the form of the action had not been previously questioned, and that the action had proceeded to judgment in favor of the plaintiff therein, which judgment remained in full force. *Held*, that it was not important to determine whether, under the special circumstances, an action for conversion would lie against the removed executor in behalf of his successor in the administration ; that such an action was in fact brought ; that the judge granting the attachment had jurisdiction, and that the attachment was not invalid as to the present contesting lienors.

6. EXECUTION SALE — ATTACHMENT — WITHDRAWAL OF EXECUTION. The land, in the fund arising from which priority of lien was sought to be established by the present action, was sold on executions on judgments some of which were paramount liens to that of the plaintiff. The liens of the contesting defendants were based upon judgments entered prior to the plaintiff's judgment, in actions in which attachments had been issued and levied subsequent to the plaintiff's attachment. The plaintiff withdrew his execution from the sheriff on the day of and before the sale. *Held*, that the withdrawal of the plaintiff's execution in no way affected the lien of his attachment, and did not prejudice the contesting defendants.

7. EXECUTION SALE — NOTICE. A sheriff having advertised a sale, cannot sell under that notice on an execution subsequently received by him.

8. EXECUTION SALE — NOTICE — SUBSEQUENT EXECUTION — POSTPONEMENT. The sheriff's sale which produced the fund in suit, was preceded by a notice of a sale " upon executions (then) in the sheriff's hands." After the commencement of the publication of this notice, an execution was issued to the sheriff upon a judgment which had been obtained against the common judgment debtor before any of the judgments upon which the executions then in the sheriff's hands had issued. Thereafter, the sale was postponed " pursuant to the above notice," and the sheriff gave no notice that the sale was to be made on any execution other than those in his hands when the first publication was made, and at the sale he did not include the additional execution in his announcement. *Held*, that the land was not sold on such additional execution, but in legal effect was sold subject to the judgment on which that execution was issued; and, consequently, that such judgment was not entitled to payment out of the fund.

Reported below, 79 Hun, 134.

(Argued June 6, 1895; decided October 8, 1895.)

APPEAL from portions of a judgment of the General Term of the Supreme Court in the fifth judicial department, entered October 18, 1894, which modified and affirmed, as modified, a judgment in favor of the plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought to determine the conflicting classes of creditors of Benjamin F. Van Camp to a fund of $6,423.20, in the hands of the sheriff of Orleans county, proceeds of real estate of Van Camp sold by the sheriff upon execution on the 15th of February, 1889. In June, 1888, the debtor Van Camp absconded from the state owing debts to a large amount. Upon the facts becoming known various suits were commenced by creditors, in which attachments were obtained on the ground that Van Camp, being a resident of the state, had departed therefrom with intent to cheat and defraud his creditors and to avoid the service of summons, and were levied upon his real and personal property in the county of Orleans. Judgments were subsequently recovered in favor of. the several plaintiffs in the attachment actions, and executions thereon issued to the sheriff of Orleans county in the form prescribed by sec. 1370 of the Code of Civil Procedure. The sheriff collected several thousand dollars out of the personal property of Van Camp, which has been distributed and as to which no question arises on this appeal. The controversy is narrowed to two questions: *First*, as to the correctness of that part of the decree of the Special Term which awarded payment of the Brown judgment, so called, out of the fund, in priority to the Orleans County Bank judgment and the judgment in favor of Sawyer, and, *second*, whether the Special Term correctly awarded priority of payment of the Kelsey judgment over the bank and Sawyer judgments.

The General Term affirmed the decree of the Special Term in both of these particulars, and from such affirmance the Orleans County Bank and Sawyer appeal. In general it may be stated that the appellants claim that the sale of the real estate was not on the Brown judgment and execution, but was made subject thereto, and was not, therefore, entitled to

be paid out of the fund. In respect to the Kelsey judgment the claim is that the bank and Sawyer judgments were prior in date, and that the Kelsey attachment, though first issued and levied, was ineffectual because the action was not one in which an attachment is allowed.

The material facts may be briefly stated. The Brown judgment long antedated the absconding of Van Camp. It was recovered June 17, 1882, for $418.25. In April, 1886, it was conditionally discharged by order of the court, the condition being that the lien of the plaintiff's attorneys thereon and the right to enforce it for their protection should not be prejudiced by the offset allowed. In November, 1888, the court on application of the attorneys (Keeler and Salisbury), and on proof that the plaintiff in the judgment was a non-resident, and that the lien of the attorneys for legal services exceeded the amount of the judgment, made an order permitting execution to be issued thereon against Van Camp, and execution was issued and delivered to the sheriff December 1, 1888, and remained in his hands until after the sale of February 15, 1889. The Kelsey judgment for $2,084.11 was entered December 7, 1888. An attachment in the action was issued June 11, 1888, and was levied on the real estate of Van Camp June 12, 1888. The first of the two judgments in favor of the Orleans County Bank and the judgment in favor of Sawyer were entered September 14, 1888, on suits commenced June 14, 1888, in which attachments were issued and levied on the same real estate on the same day. The first attachments against Van Camp were issued and levied June 11, 1888, in three separate suits commenced respectively by Briggs, Buell and others, and Hallock, and judgments in these several actions were entered on or before September 13, 1888, these attachments being earlier in date than the Kelsey attachment and judgment, or the attachments and judgments in favor of the Orleans County Bank and Sawyer. The Kelsey attachment was issued and levied before the attachments in favor of the bank and Sawyer, but the Kelsey judgment was subsequent to the bank and Sawyer judgments.

The plaintiff in this action claims as assignee of the Kelsey judgment priority of lien on the fund to the lien under the bank judgment and the judgment of Sawyer. The bank and Sawyer contest the plaintiff's alleged lien under the attachment in the Kelsey action on the ground above indicated. The judgment roll in the Kelsey action and the proceeding therein are contained in the record and disclose the following facts:

The action was brought by one Adason Kelsey, as administrator with the will annexed of Amos Kelsey, deceased, against Benjamin F. Van Camp. The complaint in the action alleged in substance that Van Camp had been the executor of the will of Amos Kelsey from October 24, 1881, to June 1, 1888; that on the 21st of December, 1883, he accounted before the surrogate of Orleans county, the county in which the will was proved, and his accounts up to that date were judicially settled, and a decree entered adjudging that he then had in his hands as executor, after payment of all expenses of the execution of the will up to said date, the sum of $5,704.74, which sum he was directed by the decree to retain in his hands as executor during the life of the widow of the testator, or until the further order of the court, paying meanwhile the income to the widow; that the widow died February 15, 1887, and that no further order of the court had been made for the disposition of the fund; that the defendant Van Camp had, since the death of the widow, sold real and personal property of the estate and converted the same into money, and had received as executor the sum of at least $10,000; that the defendant was duly cited to render an account before the surrogate on June 11, 1888; that he failed and neglected to appear on the return day of the citation, although the citation had been duly served on him, or to render any account; that thereupon, on said 11th day of June, 1888, Van Camp was duly removed from his office as executor and his letters were revoked, and letters of administration with the will annexed were issued to the plaintiff. The complaint further alleged that the defendant had wrongfully and unlawfully disposed of and converted

the said property and moneys to his own use to the damage to
the estate of $10,000, for which sum judgment was demanded,
with interest. The complaint was verified, and was read on
the application for an attachment. In addition, the affidavit
of the plaintiff was presented, stating, among other things,
that " a cause of action exists in favor of the plaintiff against
the defendant above named, for the unlawful and wrongful
disposing of and conversion of personal property of the estate of
Amos Kelsey, deceased, of the amount of $10,000, and that the
business of the estate was substantially closed a long time ago."
The affidavits presented also set forth facts tending to show
that the defendant had absconded from the state, with intent
to defraud his creditors and to avoid the service of a summons.
A warrant of attachment was, therefore, issued, and no ques-
tion is made as to the validity of the attachment, except that
there was no jurisdiction to issue an attachment for the cause
of action stated in the complaint.

The sale of Van Camp's real estate (which produced the
fund in question) was made under the following circumstances:
On the 29th day of October, 1888, the sheriff of Orleans
county, who then held execution on the Briggs, Buell and
Hallock judgments, and also on the first judgment in favor of
the Orleans County Bank and on the Sawyer judgment, duly
advertised the real estate for sale on December 15, 1888. The
notice recited that " by virtue of several executions issued
out of the Supreme Court and to me directed and delivered
against the property of Benjamin F. Van Camp, I have seized
all the right, title and interest which the said Benjamin F.
Van Camp had in and to the following described real prop-
erty, on the 11th day of June, 1888, or at any time thereafter,
and I shall expose for sale," etc. On December 15, 1888, the
sheriff duly postponed the sale " pursuant to the above notice "
(of October 29, 1888) to February 15, 1889. Other executions
had come to the sheriff's hands after October 29, 1888, and
prior to December 15, 1888, and, among others, executions on
the Brown judgment, the Kelsey judgment, and a second
judgment in favor of the Orleans County Bank. On the 18th

day of December, 1888, a supplementary notice of sale for the 15th of February, 1889, on executions "in favor of the Orleans County Bank and Sawyer," was advertised by the sheriff. On February 15, 1889, the sale took place. The sheriff announced that the sale was to be made on the Briggs, Buell, Hallock, Orleans County Bank and Sawyer judgments. The Kelsey execution was withdrawn immediately before the sale, and the execution on the Brown judgment, although held by the sheriff (issued after the publication of the original notice), was not one of the executions mentioned in the sheriff's announcement.

The judgment below directed distribution of the fund after payment of costs in payment of the judgments in the following order: (1) Brown judgment; (2) Hallock id.; (3) Briggs id.; (4) Kelsey id.; (5) bank and Sawyer id. This appeal calls in question alone the priority awarded to the Brown and Kelsey judgments and the bank and Sawyer judgments.

Other facts are stated in the opinion.

*George Bullard* for appellants. The plaintiff, by withdrawing the Kelsey execution from the hands of the sheriff, took from him all power and authority to sell real estate. (*Abeel* v. *Anderson*, 39 Hun, 515; *Walker* v. *Henry*, 85 N. Y. 130; *Watrous* v. *Lathrop*, 4 Sandf. 700; Code Civ. Pro. §§ 697, 1251, 1405, 1406, 1440, 1457, 2472.) Plaintiff had no right to an attachment and has no valid claim upon the fund. (*Morse* v. *Smith*, 42 N. Y. S. R. 168; *Hard* v. *Ashley*, 117 N. Y. 606; *Thorington* v. *Merrick*, 101 N. Y. 5; *Ackroyd* v. *Ackroyd*, 20 How. Pr. 93; *Williams* v. *Furman*, 26 Wkly. Dig. 493; *Goldsmith* v. *Huston*, 28 Wkly. Dig. 160; Code Civ. Pro. § 635; *Williams* v. *Furman*, 9 N. Y. S. R. 373.) The sheriff had no authority to sell on the Brown judgment. (*Wehmon* v. *Asseppermot*, 18 N. Y. S. R. 339; *In re W. S. E. P. Co.*, 12 N. Y. Supp. 478; *Lamont* v. *Cheshire*, 65 N. Y. 30; Code Civ. Pro. § 1434; *Husted* v. *Dakin*, 17 Abb. Pr. 137; *Mascraft* v. *Van Antwerp*, 3 Cow. 334.) The plaintiff and Keeler & Salisbury are estopped from setting up an

entirely different claim. (*Reynolds* v. *Parks*, 53 N. Y. 36 ;
*Winslow* v. *McCall*, 32 Barb. 247 ; *In re W. S. E. P. Co.*, 12
N. Y. Supp. 478.) The bank and Sawyer only having
appealed to this court, if their contention prevails, are entitled
to the money adjudged by the courts below to belong to the
Kelsey and Brown judgments. (*Cudahy* v. *Rhinebeck*, 133
N. Y. 248.)

*David N. Salisbury* for respondents. The provision of
the judgment, so far as it relates to the proceeds of the per-
sonal property, is right. The rule is the same as to the pro-
ceeds of the real estate. (Code Civ. Pro. §§ 697, 1405, 1406 ;
*Lewis* v. *Douglass*, 25 N. Y. S. R. 240 ; 53 Hun, 587 ; *Yale*
v. *Mathews*, 12 Abb. Pr. 379.) The appellants are not in
position to challenge the judgment as to the plaintiff. (*West*
v. *Exch. Bank*, 44 Barb. 175 ; *Fleischman* v. *Stern*, 90 N.
Y. 110.) The findings of facts are supported by the evidence.
(*Buell* v. *Van Camp*, 119 N. Y. 160.) By the papers a cause
of action was shown to exist in the plaintiff's favor. (Code
Civ. Pro. §§ 635, 732 ; *Young* v. *Heermans*, 66 N. Y. 383 ;
*Walton* v. *Walton*, 4 Abb. Ct. App. Dec. 516 ; *Clapp* v.
*Meserole*, 1 Abb. Ct. App. Dec. 362 ; *Kissock* v. *Grant*, 34
Barb. 144 ; *Miller* v. *Brinkerhoff*, 4 Den. 118 ; *Skinnion* v.
*Kelly*, 18 N. Y. 354 ; *Kibbe* v. *Wetmore*, 31 Hun, 424.) The
judgment cannot be attacked in this action except for fraud
or want of jurisdiction either of the subject of the action or
of the defendant. (*White* v. *Bogart*, 73 N. Y. 256 ; *Mœsch-
ler* v. *Lochte*, 12 N. Y. S. R. 855 ; *Denman* v. *McGuire*, 17
Wkly. Dig. 504 ; *Gere* v. *Gundlach*, 57 Barb. 13 ; *Gilmore*
v. *Ham*, 29 N. Y. S. R. 751.) The judgment is conclusive
upon defendant as to all matters which were or could have
been litigated in the action. (*Parker* v. *Rochester*, 4 Johns.
Ch. 329 ; *People* v. *H. P. Co.*, 88 N. Y. 623 ; *Goebel* v. *Iffla*,
111 N. Y. 170 ; *Gates* v. *Preston*, 41 N. Y. 113 ; *Newton* v.
*Hook*, 48 N. Y. 676 ; *Bulger* v. *Rosa*, 47 Hun, 436.) All
intendments are in favor of the validity of a judgment ren-
dered by a court of general jurisdiction until the want of

jurisdiction is conclusively shown. (*Maples* v. *Mackey*, 89 N. Y. 146; *Fischer* v. *Langbien*, 103 N. Y. 84.) By the sale of the land under the executions upon the judgments in the Hallock and Briggs action in which such attachments had been so delivered and levied prior to the delivery and levy of the attachment in Kelsey's action the lien of Kelsey's judgment, except for the purposes of redemption, was transferred to the proceeds of the sale of the lands. (*Averill* v. *Loucks*, 6 Barb. 470; Code Civ. Pro. § 1449.) These appellants did not controvert the allegations of the complaint; they are not now in a position to assail the rights of Keeler & Salisbury under the judgment. (Code Civ. Pro. §§ 521, 1434, 1435; *Edwards* v. *Woodruff*, 90 N. Y. 396; *Ostrander* v. *Hart*, 130 N. Y. 406.) Appellants seem to base their contentions against the right of Keeler & Salisbury to take proceeds of the sale under the Brown judgment upon the fact that the sheriff's certificate of sale did not state that the sale was made upon the execution upon the Brown judgment. It was not necessary that the certificate should specify under what judgment or execution it was sold. (Code Civ. Pro. § 1438.) Van Camp was personally liable to Keeler & Salisbury and Jones, Keeler & Salisbury for services rendered, to recover for which the action was brought, and upon his accounting would have been entitled to reimbursement for the same. (*Mygatt* v. *Wilcox*, 45 N. Y. 306; 1 Lans. 58; *McMahon* v. *Allen*, 4 E. D. Smith, 519; *Bowman* v. *Tollman*, 2 Robt. 385.) The affidavits upon which the attachment was granted were sufficient. (*Buell* v. *Van Camp*, 119 N. Y. 160.)

ANDREWS, Ch. J. The lien of successive attachments on real property attached under process issued in this state takes effect in the order in which the attachments are issued and levied, and the priority of lien is not dependent upon priority in date of the judgments obtained. This is the general understanding and is a clear inference from statutory provisions (Code Civ. Pro. §§ 644, 697). It is also the general rule in other states, except where otherwise provided by statute, or

where an exceptional rule has been established by the courts. (Drake on Attachments, § 263 ; Wade on Attachments, § 217.) The application of this rule as between the attachment issued in the Kelsey suit and the attachments in the suits of the Orleans County Bank and Sawyer entitles the Kelsey judgment to preferential payment out of the fund, unless for other reasons the preference must be denied.   The Kelsey attachment was first issued and levied, although the judgment obtained was subsequent in date to the judgments in favor of the bank and Sawyer.  There must, however, be a valid attachment to create a valid lien, and the appellants assail the attachment in the Kelsey suit on the ground that the cause of action sued upon was not one in which an attachment is authorized.   It is not denied that in other respects a case was made by the affidavits presented to the judge, which justified the issuing of the process.   It was held in respect of similar affidavits in the case of *Buell* v. *Van Camp* (119 N. Y. 160) that they were sufficient to establish the ground that Van Camp had departed from the state with intent to defraud his creditors and to avoid the service of a summons.

The record in the Kelsey suit is embraced in the record in this action.   The cause of action set out in the complaint in the Kelsey suit was unmistakably for the wrongful conversion of personal property.   It may have been defective, and perhaps would not have stood the test of a demurrer.   But it expressly alleged a wrongful conversion by Van Camp of money of the estate, and demanded damages thereof in an amount stated.   It alleged no contract, express or implied, and a cause of action on contract was not in the mind of the pleader. The affidavit used on the application for the attachment asserted that the action was brought for a wrongful conversion, and this was the cause of action recited in the warrant. It must be assumed on this appeal that the Kelsey action was an action for conversion, and not an action for money had and received, or upon contract express or implied, and upon this assumption the sufficiency of the cause of action set forth in the complaint to support the attachment as against the

assault now made upon it must be determined. The defendants, whose attachments were subsequently levied, have the right to assail the Kelsey attachment, and, if invalid, to have the pretended lien vacated and the proceeds of the attached property in the hands of the sheriff applied upon their judgments. (Code Civ. Pro. sec. 682.) It, however, is fully established by authority that mere irregularities in attachment proceedings give no standing to subsequent attaching creditors to set aside a prior attachment. In the absence of fraud or collusion only defects which are jurisdictional and which so affect the proceedings as to make them a nullity, are available to a subsequent lienor who seeks to set aside a prior attachment. Irregularities may be waived by the party, and third persons cannot be heard to allege defects in the proceedings which do not concern the substance of the right. (Wade on Attachments, §§ 219, 220, and cases cited.)

The Kelsey action was in form an action for the conversion of personal property, and such an action is one in which an attachment may be granted. (Code, § 635.) The plaintiff complied with all the other conditions imposed by section 636 in making his application. He furnished affidavits stating that a cause of action existed in his favor against Van Camp for the wrongful conversion of personal property, and showing other facts necessary to be shown to entitle him to the writ. The primary objection taken by the appellants to the validity of the attachment, is not that an attachment cannot issue in an action for the conversion of personal property, nor that there were no sufficient grounds shown for granting an attachment in such an action, but that upon the facts alleged in the complaint, no cause of action against Van Camp for conversion in fact existed, but only a cause of action in equity for an accounting, and that a plaintiff whose real cause of action is one which cannot be enforced by attachment ( *Thorington* v. *Merrick*, 101 N. Y. 5), cannot, by bringing an action as upon contract or for conversion, procure an attachment which will be valid as against subsequent attachments.

It is undoubtedly the general doctrine that the remedy of the beneficiaries of a trust against a trustee where the trust is open and continuing and the accounts of the trustee have not been settled and adjusted and a balance ascertained, is in an action for an accounting in equity, and that an action at law, either for money had and received, or in any other form, will not lie in the first instance, but it is otherwise where the trust has been closed and settled and the balance ascertained. (*Weston* v. *Barker*, 12 Jo. 276; *Johnson* v. *Johnson*, 120 Mass. 465; *McLaughlin* v. *Swann*, 18 How. [U. S.] 217; Perry on Trusts, sec. 843.) But whether a plaintiff, having the right, has brought his action in the proper form, or pursued the appropriate remedy, is a question to be determined on the trial of the action upon an issue of law or fact in case a defense is interposed. The jurisdiction to grant an attachment does not, we think, involve a preliminary determination by the officer to whom application for the writ is made, whether in law the case presented by the complaint will entitle the plaintiff to the relief he asks. It is sufficient to authorize him to grant the writ that it appears that the action is brought for one of the causes where attachment may issue, and the other facts are shown which authorize the process to be issued. All the requisite facts, both as to the cause of action and as to the fraudulent absconding of Van Camp, were presented to the judge, and we think the warrant was not void for want of jurisdiction. No application was made to set aside or vacate the writ until the present application, which was after final judgment in the action of Kelsey had been recovered. If the judgment had been obtained by fraud or collusion between the parties thereto to defeat or prejudice subsequent attachment creditors, a different question would be presented. But this was not found, nor does the record show that fraud or collusion was claimed on the trial of this action. It does appear that after the trial of the Kelsey suit had proceeded and a large amount of evidence had been taken before the referee which tended to show that Van Camp had wasted the assets of the estate, he appeared in the action and

his attorney stipulated that judgment should be entered against him therein.   The referee made his report in favor of the plaintiff, in which he found that the facts stated in the complaint were true, and upon the pleadings, the report of the referee, the notice of appearance by the defendant and the stipulation, judgment was entered.   When the suit was commenced Van Camp had been removed as executor, and his letters had been revoked.   His trust relation was terminated.   It was his duty to turn over the estate in his hands to his successor in the trust.   He had absconded, having, as may be inferred, wasted the assets.     Whether, under the special circumstances, an action for conversion would lie against him in behalf of Kelsey, his successor in the administration, it is not important to determine.   Such an action was brought, judgment found for the plaintiff, and the judgment stands unreversed and in full force.   The judge granting the attachment had jurisdiction, and it was not invalid as to the present appellants.

The appellants further claim that the withdrawal of the Kelsey execution from the hands of the sheriff on the day .of and before the sale of the land discharged the lien of the Kelsey attachment.   We-think this act in no way affected the lien.   The.land was sold on executions on judgments, some of which were paramount liens to that of Kelsey.   Title under the sale would cut off the lien of the Kelsey attachment and judgment.   By withdrawing the execution Kelsey put himself in a position where he could redeem from the sale.   But if the sale brought a surplus over the prior liens it would be applicable to the payment of his judgment, and if sufficient to pay it redemption by him would not be necessary.   The appellants were not prejudiced by the withdrawal of the Kelsey execution.   The attachment liens were matter of record, and if the land were worth more than the liens prior to their judgments they could have protected themselves by bidding up to the value of the land.

The decision of the Special and General Terms declaring that the Brown judgment should be paid out of the fund can-

not, we think, be sustained. The land was not sold on that judgment, but in legal effect was sold subject thereto. The execution on the Brown judgment was not issued until after the commencement of the publication of the notice of sale on the 29th of October, 1888. The notice was of a sale " upon executions (then) in the sheriff's hands." The postponement on the 15th of December, 1888, to the 15th of February, 1889, was of a sale " pursuant to the above notice." The Brown execution had been issued before the postponement. But the sheriff gave no notice that the sale was to be made on any execution other than those in his hands when the first publication was made. In the form of the notice of postponement was a distinct intimation that the sale was to be made in pursuance of the original notice, and not otherwise. Nor was the sale in fact made on the Brown execution. The sheriff announced at the sale that the sale was to be made on the judgments and executions of Briggs, Hallock, Buell, Orleans County Bank and Sawyer, and the sale was made on these judgments alone. The Brown judgment and execution was excluded from the enumeration. The certificate of sale specifies the judgments and executions on which the sale was made, conforming in that respect to the announcement. Moreover, the notice of sale was of the interest which Van Camp had in the land on the 11th day of June, 1888, the day when the first attachment was issued, and the Brown judgment was recovered June 17, 1882. It is shown beyond controversy that the Brown execution was not in the sheriff's hands when the publication of the notice of sale was commenced; that the sale was not advertised on that execution; that it was not made or intended to be made thereon. Although more than the requisite time of publication elapsed between the day of postponement and the sale, yet the postponement was by its terms a mere continuation of the original notice, and was not intended to refer to or include executions other than those held by the sheriff when the original publication was commenced. The case of *Mascraft* v. *Van Antwerp* (3 Cow. 334), which so far as we know has never been questioned, and

which is cited in the text books, seems to be a decisive authority for the proposition that a sheriff having advertised a sale, cannot sell under that notice on an execution subsequently received by him. (See, also, *Husted* v. *Dakin*, 17 Abb. Pr. 137; *Brewster* v. *Cropsey*, 4 How. Pr. 220.)

Our conclusion is that the part of the judgment should be affirmed which awards priority of payment out of the fund to the holder of the Kelsey judgment, and that the part be reversed which awards payment out of the fund of the Brown judgment, without costs of this appeal to either party.

All concur, except HAIGHT, J., not sitting.

Judgment accordingly.