ZENITH BATHING PAVILION, INC., Respondent, v. FAIR OAKS STEAMSHIP CORPORATION et al., Appellants.

Practice — attachment — action against several defendants — attachment against all not sustained unless there is evidence as to liability of each sufficient to sustain warrant if each had been sued separately — insufficiency of evidence as to all but one of defendants — warrant does not fail in entirety but will be sustained as to one against whom case has been made out.

1. Assuming that under sections 211 and 212 of the Civil Practice Act a plaintiff, if in doubt, may prosecute an action against defendants whom rumor and suspicion have connected with a wrong, it does not necessarily follow that against defendants so circumstanced, there may be a warrant of attachment. To give support to that relief the cause of action must be of a class enumerated in section 902 of the Civil Practice Act and its existence and the damages recoverable must be proved by affidavit.

2. Where, in an action against several defendants for trespass in leaving the hull of an uncompleted vessel on plaintiff's land, the complaint alleges that the hull was owned by one or more of the defendants but which one it is not sure and affidavits accompanying

the complaint and upon which was issued a warrant of attachment present no evidence that rises above the level of suspicion connecting any of the defendants, other than one, with the trespass, the warrant cannot be sustained against all. At least as to each there must be evidence that would be sufficient to sustain the warrant if each had been sued separately instead of all of them together. A persuasive case having been made out against one of the defendants, however, the warrant ought not to fail in its entirety but may be sustained against that one.

Zenith Bathing Pavilion v. Fair Oaks S. S. Corp., 211 App. Div. 492, modified.

(Submitted May 4, 1925; decided June 2, 1925.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 9, 1925, which modified and affirmed as modified an order of Special Term denying a motion to vacate a warrant of attachment.

The following question was certified:

'· May a ·warrant of attachment be granted ·in an action specified in section 902 of the Civil Practice Act against several non-resident defendants, on the ground of non-residence, against the separate property of the several defendants where the defendants are made parties under section 213 of the Civil Practice Act and the plaintiff states in the papers upon which the warrant of attachment was granted that the plaintiff is in doubt which of the defendants is liable, and, therefore, brings the action to determine therein which one of them is liable and to what extent? ''

*Walter F. Welch* for appellants. A cause of action was not shown to exist against each of the defendants, justifying the granting of a warrant of attachment against each of their separate properties. (*Penroyer* v. *Kelsey,* 150 N. Y. 77; *Bodine* v. *Bodine,* 79 Misc. Rep. 434; *Kelderhouse* v. *McGary,* 82 Misc. Rep. 365; *Jenner* v. *Shope,* 205 N. Y. 66.) The new statutory remedy under section 213 is equitable, and a warrant of attachment

will not issue in equity cases. (*Avery* v. *Avery*, 119 App. Div. 698.)

*Alfred W. Kiddle* and *Henry T. Hornidge* for respondent. A good cause of action is shown against each defendant. (*Goldmark* v. *Magnolia Metal Co.*, 28 App. Div. 264; *Jones* v. *Hygienic S. G. Co.*, 110 App. Div. 331; *Wulfsohn* v. *Russian Soc. Fed. Sov. Rep.*, 202 App. Div. 421; 234 N. Y. 372; *Goodyear* v. *Commercial Fire Ins. Co.*, 58 App. Div. 611; *Guarantee Savings Loan Co.* v. *Moore*, 35 App. Div. 421; *Atkins* v. *Fitzpatrick*, 57 Misc. Rep. 341; *First Const. Co.* v. *R. T. S. Const. Co.*, 122 Misc. Rep. 145.)

CARDOZO, J. Plaintiff, buying land fronting on Long Island Sound, found there the hull of an uncompleted vessel, which had been placed on the land under license of the former owner, but had been left there wrongfully after the license had been revoked. Information received when the land was bought, indicated that the Fair Oaks Steamship Corporation was the owner of the hull, and so responsible for its presence, but other information aroused suspicion, if not belief, that there had been successive transfers of ownership to two other corporations. There was still other information which was thought to place the ownership, not in any of the corporations, whose offices were in common, but in one Gremmels, the president of each of them. This action is brought against the three corporations, organized in Delaware, and Gremmels, a non-resident, to recover damages for the trespass, which continued for many months. Plaintiff alleges that the hull was owned by one or more of the defendants, but which one it is not sure. It has, therefore, joined them all " with the intent " that the question " which of the defendants is liable, and to what extent, may be determined as between the parties " (Civ. Prac. Act, §§ 211, 213; cf. *Sherlock* v. *Manwaren*, 208 App. Div. 538; *Jamison*

*v. Lamborn,* 207 App. Div. 375; *137 East 66th Street, Inc.,* v. *Lawrence,* 118 Misc. Rep. 486, 496). Affidavits accompanying the complaint state as to each defendant the circumstances pointing or supposed to point to participation in the wrong. Upon this showing of liability, there was issued a warrant of attachment, which the Appellate Division modified by permitting the substitution of a bond. The question to be determined is whether the attachment may be sustained.

We find no evidence connecting any of the defendants other than the Fair Oaks Steamship Company with the trespass resulting from the failure to remove the hull. Plaintiff became the owner of the land on February 23, 1924. As early as November, 1923, the builders of the hull, acting through a receiver, had sold it to the Fair Oaks Steamship Company, under an order of the court. There is no evidence that this ownership has ever been divested. Promptly after the purchase of the land, plaintiff made demand upon Gremmels, as president of the company, for the removal of the hull. He referred the plaintiff to his attorneys, who, he said, were authorized to act; and by them the promise was made, not once, but many times, that the company, their client, would comply with the demand. There can be little doubt that this was evidence sufficient for the purpose of attachment to charge the steamship company with liability as the author of the wrong. As to the other defendants, however, we find nothing that rises above the level of suspicion. The attorneys for the steamship company said that a contract had been concluded for the launching of the hull. One Watson, the manager of the company that was to do the work of launching, informed the plaintiff's representative that the contract had been made with the Morecraft Transportation Company. From this without more we are asked to infer that the latter company, and not the steamship company, was in truth the owner of the hull, and a party to the wrong. A third corporation,

the Columbia Oval Company, owned a shipyard close at hand.   An employee of this company informed the plaintiff's representative that the hull had been transferred to his employer in March, 1924.   The name of the employee is not given, nor is there any statement of his position, whether an officer or a laborer, nor anything else to show his opportunities for knowledge (*Murphy* v. *Jack*, 142 N. Y. 215).   Finally Gremmels is brought in upon the vague statement that Mr. Weiss, one of the attorneys for the steamship company, " always referred to Mr. Gremmels as the principal and owner of the said hull."   This, of course, he was in the loose and popular sense that might lead to such a description in the course of conversation.   He was the president of the steamship company, and, as we may infer from the complaint, the owner of its stock and in full control of its affairs (cf. *Elenkrieg* v. *Siebrecht*, 238 N. Y. 254).   There is no attempt to state the words of reference with precision and certainty, or to exhibit them in their context or in the setting of the occasion.   Statements so equivocal do not justify a holding that he became personally chargeable upon the revocation of the license with the duty of removal, and that the ensuing trespass was his own.

We think that as to all the defendants other than the Fair Oaks Steamship Company, the evidence thus summarized is insufficient to sustain the warrant (*Steuben Co. Bank* v. *Alberger*, 78 N. Y. 252, 258; *Haebler* v. *Bernharth*, 115 N. Y. 459, 465; *Ladenburg* v. *Commercial Bank*, 87 Hun, 268; affd., 146 N. Y. 406).   The question before us is not one of pleading merely.   We assume for present purposes, though it is unnecessary to decide, that under Civil Practice Act, sections 211, 213, the plaintiff, if in doubt, may prosecute an action against defendants whom rumor and suspicion has connected with the wrong.   This is very far from saying that against defendants so circumstanced, there may be a warrant of attachment.   As well might one urge that they are subject to arrest (Civ. Prac.

Act, §§ 826, 833). It does not help the case to argue that out of allegations of uncertainty there may now arise a cause of action. " Cause of action " is a phrase of varying and doubtful meaning (Pomeroy, Remedies & Remedial Rights, §§ 347, 348). In some contexts it imports the impairment of a legal interest or the violation of a duty; in others, the existence of a remedial right to ascertain, through the judgment of the court, whether wrong has been done or injury sustained. We may find a pertinent analogy in the equitable remedy of discovery, or if we seek a more modern instance, in the statutory right to a declaratory judgment. What is sufficient for a pleading may be insufficient for attachment. To give support to that relief, the cause of action must be of a class enumerated in Civil Practice Act, section 902; and its existence and the damages recoverable must be proved by affidavit (Civ. Prac. Act, § 903; *Haebler* v. *Bernharth, supra; Van Camp* v. *Searle*, 147 N. Y. 150, 161; cf. *Hoormann* v. *Climax Cycle Co.*, 9 App. Div. 579; *Matter of Farley* v. *Wurz*, 217 N. Y. 105, 108). This warrant of attachment recites the existence against all defendants of a cause of action to recover a stated sum as damages for injuries to property (Civ. Prac. Act, § 902). The plaintiff has not proved the existence of a cause of action of that nature against all the defendants as to whom a warrant has been granted. It has proved such a cause of action as to one of them only. We do not need to say that alternative liabilities can never be the basis of an attachment as to each of two or more defendants. We leave that question open. At least as to each there must be evidence that would be sufficient to sustain the warrant if each had been sued separately instead of all of them together. Even in such circumstances there will be need to discriminate between our own jurisdiction which limits us to the inquiry whether evidence sufficient to call for the exercise of discretionary judgment is lacking altogether (*Van Camp* v. *Searle*, 147 N. Y. 150, 161),

and the discretion of the Supreme Court to vacate an attachment against all the defendants or any of them when evidence, though not lacking altogether, may seem too weak or uncertain to justify the remedy (*Allen* v. *Meyer,* 73 N. Y. 1, 3; *Bate* v. *McDowell,* 97 N. Y. 646; *Thorington* v. *Merrick,* 101 N. Y. 5). Here the plaintiff offers evidence against one, and as to the others mere suspicion. The inconsistent liabilities are not left in equilibrium. There is evidence in one scale, and in the other there is nothing, if weights are to be measured by standards juridically established. Provisional remedies are not granted for the asking.

We are yet to consider whether the attachment may be sustained in part. A persuasive case has been made out against the Fair Oaks Steamship Company as the author of the trespass, liable as such for all the ensuing damage, irrespective of later transfers, until the trespass was ended by removing the offending structure. This being so, the warrant ought not to fail in its entirety, because the plaintiff, fearful of surprise, has brought in as parties whomever rumor could suggest. Doubt is not fatal as matter of law to the existence of an attachment any more than it is fatal to the validity of a judgment, for neither at one stage nor at the other is a cause of action to be established to the point of demonstration. What has been proved against the steamship company has not been neutralized or contradicted by anything that the plaintiff has been able to prove against the others. From the defendants themselves we have neither explanation nor denial. Not unnaturally the chances of litigation breed misgivings in the mind of a cautious suitor and a desire to narrow the margin of uncertainty. Inculpatory evidence is not thereby shorn of its significance.

Upon this appeal, our power of review is limited to the question certified, which is framed in such a form that a categorical answer cannot easily be given. We construe it to invite an answer as to the adequacy of the proof in

the particular circumstances of uncertainty stated in this record to sustain a warrant of attachment against each and all of the defendants.

So construing it, we hold that the order of the Appellate Division should be reversed, except as to the defendant Fair Oaks Steamship Company, as to which defendant it should be affirmed, and the question certified answered in the negative, without costs to any of the parties in the Appellate Division or in this court.

HISCOCK, Ch. J., McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur; POUND, J., absent.

Order reversed, etc.