Samuel W. Eager, J.
This is a motion to vacate the warrant of attachment herein as against the defendant Verodon Corp. and to vacate a levy thereunder against real property of said defendant. It is noted that the warrant of attachment, dated November 14, 1956, recites that the plaintiff has “ satisfactorily shown * * * that the action is brought to recover a sum of money only, and that a cause of action therefor exists against, said defendants (which includes Verodon Corp.), and in favor of the plaintiff for the sum of * * * Five thousand three hundred thirty five Dollars with interest ”. The attorney for plaintiff, however, admitted on the argument of this motion that the complaint does not state a canse of action against Verodon Corp., and, in any event, it is clear that plaintiff does not have a cause of action against it to recover a sum of money only. Therefore, what Cardozo, J., says in Zenith Bathing Pavilion v. Fair Oaks Steamship Corp. (240 N. Y. 307, 312-313) is applicable, to wit: “ To give support to that relief [attachment], the cause of action must be of a class enumerated in Civil Practice Act, section 902; and its existence and the damages recoverable must be proved by affidavit (Civ. Prac. Act, § 903; Haebler v. Bernharth, 115 N. Y. 459, 465; Van Camp v. Searle, 147 N. Y. 150, 161; cf. Hoormann v. Climax Cycle Co., 9 App. Div. 579; Matter of Farley v. Wurz, 217 N. Y. 105, 108). This warrant of attachment recites the existence against all defendants of a cause of action to recover a stated sum as damages for injuries to property (Civ. Prac. Act, § 902). The plaintiff has not proved the existence of a canse of action of that nature against all the defendants as to whom a warrant *611 has been granted. It has proved such a cause of action as to one of them only. We do not need to say that alternative liabilities can never be the basis of an attachment as to each of two or more defendants. We leave that question open. At least as to each there must be evidence that would be sufficient to sustain the warrant if each had been sued separately instead of all of them together. * * * Provisional remedies are not granted for the asking.”
The warrant may not be sustained as a warrant against the defendant Verodon Corp. and its property upon the ground that it has wrongfully and fraudulently acquired and holds property of one or more other defendants who are liable to plaintiff upon a cause of action for a sum of money only. It is true that a Sheriff, armed with a warrant of attachment against the debtor defendants, may in a proper case, disregard a fraudulent transfer of their property and attach the property fraudulently transferred into the hands of said defendant Verodon Corp. (See Debtor and Creditor Law, § 278; 10 Carmody-Wait on New York Practice, § 122, p. 169.) Or, the plaintiff here may have the remedy of suing to set aside an alleged fraudulent transfer, file a lis pendens in such action and apply for appointment of a receiver. (See Debtor and Creditor Law, § 278; Civ. Prac. Act, § 974.) But it is clear that the attachment herein was not properly granted as against Verodon Corp. as a defendant and it must be vacated.
Motion granted. Settle order on notice.