Van Voorhis, J. (concurring).
I concur in Judge Fuld’s opinion in Longines-Wittnauer Watch Co. v. Barnes & Reinecke and in the result in the other two cases. In Feathers v. McLucas, I agree that CPLR 302 is not broad enough to confer jurisdiction under the facts of that case, but I also consider it to be *468 probable that, in adopting that section, the New York State Legislature expanded our jurisdiction over nonresidents near to the limit permitted by the due process clause. In Hanson v. Denckla (357 U. S. 235) the Supreme Court indicated that all United States constitutional restrictions on the personal jurisdiction of state courts have not been removed. Each state is likely to go as far as the Constitution permits in assuming jurisdiction over nonresidents, and it is appropriate that they should be restrained in doing so by some modern Federal rule of constitutional interpretation analogous to but in substitution for that of Pennoyer v. Neff (95 U. S. 714). That time-honored decision held the balance between the states for a long time. It has now been superseded by International Shoe Co. v. Washington (326 U. S. 310) and McGee v. International Life Ins. Co. (355 U. S. 220.) but, as pointed out in Judge Fuld’s opinion, those cases still have left largely undefined the constitutional area for state exercise of jurisdiction over nonresidents. It is desirable that , this constitutional area become defined, as it probablyXwill be by individual cases in course of time. I am fortified iiji my view that the court is correct in its interpretation of CPLR 302 in Feathers v. McLucas by the circumstance that a broader interpretation would be likely to conflict with the Federal Constitution.
In Singer v. Walker, the liability of the defendant, if any, is - likely to depend upon the extent to which the courts of our State adopt the principles of the new legal doctrine known as products liability. Liability under that doctrine depends upon whether the manufacturer\of this geologist’s hammer can be subjected to damages for introducing this appliance with or without fault into the stream of commerce, with the reasonable anticipation that it would be resold in New York State (MacPherson v. Buick Motor Co., 217 N. Y. 382; see, also, Gillam, Products Liability in a Nutshell, 37 Ore. L. Rev. 119, 153; Prosser, The Assault Upon the Citadel [Strict Liability to the Consumer], 69 Yale L. J. 1099, 1106; Strict Products Liability and the Bystander, 64 Col. L. Rev. 916, 928; James, Products Liability II, 34 Tex. L. Rev. 192, 194, n. 10; Calabresi, Some Thoughts on Risk Distribution and the Law of Torts, 70 Yale L. J. 499; Morris, Hazardous Enterprises, 61 Yale L. J. 1172; Comments, 9 Vill. L. Rev. 174; 49 Corn. L. Q. 354; Reed, Products Liability and *469 the Privity Rule, Circa 1964, 7 So. Tex. L. J. 118, 119; Goldberg v. Kollsman Instrument Corp., 12 N Y 2d 432; Randy Knitwear v. American Cyanamid Co., 11 N Y 2d 5, per Fuld, J.). Such proposed extensions of MacPherson v. Buick Motor Co. (217 N. Y. 382, supra) and of the food implied warranty cases (cf. Rinaldi v. Mohican Co., 225 N. Y. 70; Ryan v. Progressive Grocery Stores, 255 N. Y. 388; Greenberg v. Lorenz, 9 N Y 2d 195) pertain to one of the modern battlefields of the law. Neither courts nor textwriters are certain whether these theories of liability sound chiefly in contract or in tort. The extent of such liability, if it goes beyond negligence (MacPherson v. Buick Motor Co., supra) or express warranty (see concurring opinion per Froessel, J., in Randy Knitwear v. American Cyanamid Co., 11 N Y 2d 5, 16, supra) remains to be determined by the facts of particular cases yet to arise, under the familiar process of inclusion and exclusion. The present case (Singer v. Walker) may become one of such decisions, but the court cannot determine the question of liability—and does not purport to do so at this stage of the litigation — unless jurisdiction be obtained. I subscribe to the view that in order to ascertain whether the New York courts have jurisdiction it is not necessary to determine the existence or theory of liability under these circumstances in advance of trial. Unless jurisdiction is upheld, the question of liability cannot be decided. I think that, without prejudice to the determination of questions of liability at the trial, enough has been shown to indicate the existence of a substantial controversy which, if resolved in plaintiff’s favor on the facts and the law, would warrant the assumption of jurisdiction under CPLR 302 (subd. [a], par. 1). The analogy is pertinent that in cases where jurisdiction is obtained by attachment, the affidavits to procure which must show “ that there is a cause of action ” (CPLR 6212, subd. [a]), the power “to grant an attachment does not depend upon predetermination of the merits of the action or plaintiff’s prospects of success therein ” (10 Carmody-Wait, New York Practice, p. 116). Although evidentiary facts must be shown, it has been said by this court that ‘‘ The jurisdiction to grant an attachment does not, we think, involve a preliminary determination by the officer to whom application for the writ is made, whether in law the case presented by the complaint will entitle the plaintiff to the relief ho asks ” (Van Camp v. *470 Searle, 147 N. Y. 150, 161). “ It is enough that as to a major portion of their claim wo cannot say as matter of law on this record that the plaintiffs must ultimately be defeated (see American Reserve Ins. Co. v. China Ins. Co., 297 N. Y. 322, 325).” (Plesch v. Banque Nationale de le Republic d’Haiti, 298 N. Y. 573, 575.) Since products or some related form of liability (if established) would mean that the infant plaintiff’s injuries arose out of the particular business transaction engaged in by the nonresident manufacturer in the purposeful circulation of this hammer in the stream of commerce in New York State, enough has been shown prima facie to warrant upholding jurisdiction to try this issue.