■ AUGUSTA L. PACKER, Respondent, v CAESARS WORLD, INC., et al., Defendants, and CAESARS PALACE, Doing Business as DESERT PALACE, INC., Appellant.—Order, Supreme Court, New York County, entered June 23, 1976, unanimously reversed, on the law, and the motion to vacate the attachment is granted, and the order of attachment dated May 6, 1976, is vacated. Appellant shall recover of respondent $40 costs and disbursements of this appeal. The underlying action upon which attachment was premised is an action to recover money damages for an alleged breach of a contract dated July 20, 1972, executed by and between plaintiff's assignor, Hyman J. Goldfeld, Caesars World, Inc. (CWI) and Paradise Road Hotel Corp. (Paradise). By its terms, the document was intended to be a binding agreement between the named parties. Appellant was not a party to that agreement. Though wholly owned by CWI, it was actively engaged in business for more than three years before its acquisition by CWI. It is a separate corporation which maintained and still maintains its own assets including the bank account herein attached. In fact, both CWI and appellant maintained bank accounts at Chemical Bank which were separate and, so far as appears totally independent. Since appellant was not a party to the 1972 agreement no cause of action exists or has been pleaded against it for an alleged fraudulent breach of contract. To sustain a warrant of attachment a case must be presented against the party whose assets are attached as if it had been sued separately (Zenith Bathing Pavilion, v Fair Oaks S.S. Corp., 240 NY 307). The record indicates appellant is, and is operated as, a separate corporation and not merely as a separate division of CWI (cf. Nakasian v Incontrade, 409 F Supp 1220). There is nothing shown to warrant the piercing of the corporate veil and the treating of appellant as merely the alter ego of CWI (see Glassman v Glassman, 19 AD2d 801). As to appellant's claims for Sheriff's fees, etc., an undertaking presumably was filed for that purpose (See CPLR 6212, subd [b]). Concur—Stevens, P. J., Markewich, Kupferman, Capozzolli and Lane, JJ.