OPINION OF THE COURT
Edward H. Lehner, J.
Plaintiff Wilbur S. Rahman obtained a judgment on March 12, 1980 in Supreme Court, Bronx County, against his brother Earl Rahman in the sum of $1,870.96. On September 22,1980 an income execution was served by the Sheriff of the City of New York on the New York City Transit Authority (hereinafter referred to as the TA), which employs both brothers as railroad clerks. The'TA returned the income execution to the Sheriff the same day stating: “Because of similarity of names it is not always possible to identify an employee whom information is required. In order to comply with your request it is necessary for further information to be supplied, such as employee’s pass number, social security number, title or occupation while in the NYC TA.”
Without providing further information, the Sheriff returned the execution to the TA on January 29, 1981 and *31 the TA commenced making deductions against the salary of Earl Rahman on behalf of the plaintiff during the week ending February 20,1981. It was during that week that an income execution against the same judgment debtor, which had been served on December 18, 1980 on behalf of the Brooklyn Union Gas Company, was satisfied.
As of the date of trial (Sept. 22, 1981) deductions of $1,188.76 had been made against the judgment debtor on behalf of the plaintiff, of which $1,155.98 was stated to have been remitted to the Sheriff, of which sum plaintiff testified he received only $485.22.
Although the TA’s attorney promised to supply a record of the earnings of the judgment debtor during the period in question, that data has not been furnished.
plaintiff’s contention
The TA was required to honor the income execution served on September 22, 1980 and since it wrongfully failed to do so, plaintiff is entitled now to the amount that would have been deducted from the judgment debtor during the period the execution was not complied with.
defendant’s contentions
The TA claims that because it has over 30,000 employees, it was not required to honor the execution unless it was supplied the additional information requested so that it could satisfy itself that the named judgment debtor was in fact its employee. It further claims by written motion submitted on the date of trial that this court lacks jurisdiction because (1) CPLR 5231 (subd [e]) requires the institution of a special proceeding to enforce the judgment and no plenary action lies, and (2) CPLR 5221 (subd [a], par 4) mandates that a special proceeding to enforce a Supreme Court judgment must be commenced in that forum.
RELEVANT STATUTES
CPLR 5221 (subd [a], par 4) provides, with respect to enforcement of a Supreme Court judgment, that “a special proceeding authorized by this article shall be commenced, either in the supreme court or a county court”.
CPLR 5231 (subd [f]) specifies that an execution served upon a public benefit corporation (such as the TA) “shall *32 specify the title or position of the judgment debtor and the bureau, office, department or subdivision in which he is employed”.
CPLR 5231 (subd [e]) provides that if a garnishee fails to make payment to a Sheriff on an income execution, “the judgment creditor may commence a proceeding against him for accrued installments”.
THE FAILURE TO HONOR THE EXECUTION
The court finds that the evidence establishes that the TA’s September, 1980 rejection of the execution was a brazen disregard of a legal obligation owing to the plaintiff.
A supervisor who handles executions for the TA testified that although its alphabetical listing of employees only contained the initial of the first names of employees, a further simple examination of its file would have indicated that both the full name of the judgment debtor and his address were the same on the execution as they were on the records of the TA.
The execution indicated that the employee was a railroad clerk. This is sufficient to satisfy CPLR 5231 (subd [f]). There is no legal requirement that a judgment creditor provide a Social Security or badge number in order to have an execution obeyed.
Prior to the service of the execution, the TA had answered an information subpoena which indicated that the judgment debtor residing at the address set forth on the execution was employed as a railroad clerk earning $6.12 per hour.
Finally, on this issue, when the execution was returned in January, 1981 the TA honored it without the need for any additional information to identify the judgment debtor.
The above clearly supports the conclusion that the TA wrongfully dishonored the income execution with the result that the Sheriff has to date received less money on the execution than he would have had the TA fulfilled its obligation to the plaintiff by making the appropriate deductions.
*33 SUBJECT MATTER JURISDICTION
Having found that the TA committed a wrong, the court is next faced with the legal challenge to the jurisdiction of the court to provide plaintiff with a remedy.
An examination of the CPLR provisions referred to above leads to the conclusion that if this action were brought in the regular day part of this court, it would have to be dismissed for the reasons argued by the TA as the Civil Court is prohibited by CPLR 5221 (subd [a], par 4) from exercising jurisdiction to enforce a judgment obtained in the Supreme Court and because CPLR 5231 (subd [e]) calls for the institution of a special proceeding to enforce the nonpayment of an income execution.
The apparent policy behind the said limitation is that a court of inferior jurisdiction should not deal with judgments of the court of general jurisdiction. Considering the actualities of today with the transfer of Judges within the Unified Court System, we again see a reason for court consolidation to avoid the consequences of the legal niceties presented by the TA.
However, notwithstanding the foregoing, the court finds that because of the special statutory provisions governing the Small Claims Part, the court does have jurisdiction to redress plaintiff’s grievance.
Section 1801 of the New York City Civil Court Act (CCA) gives the Small Claims Part authority over “any cause of action for money only not in excess of $1,500” and section 1804 of the CCA provides that such part shall follow the substantive law, but “shall not be bound by statutory provisions or rules of practice, procedure, pleading or evidence”.
Plaintiff’s claim is a “cause of action”, which term Judge Cardozo indicated may be defined as “the impairment of a legal interest or the violation of a duty” or “the existence of a remedial right to ascertain, through the judgment of [a] court, whether a wrong has been done or injury sustained.” (Zenith Bathing Pavilion v Fair Oaks S. S. Corp., 240 NY 307, 312.)
Whether the cause of action may be prosecuted through institution of an action or a special proceeding is governed *34 by a “procedural” rule and hence not binding in a small claims action. Special proceedings were authorized to enforce judgments because they may be commenced by a motion which places the matter on the calendar for an expeditious determination. Similarly, a small claims action is resolved promptly as it must be placed on the calendar within 30 days after filing. (22 NYCRR 2900.33 [b] [1].)
With regard to the requirement that enforcement of a Supreme Court judgment must be had in that forum, section 1804 of the CCA, specifying that the provisions of the small claims article “control” in the event of a conflict with the CPLR, leads the court to conclude that this claim being for money only and for not more than $1,500, may be determined by the Small Claims Part. To require the plaintiff to have instituted a special proceeding in the Supreme Court with the concomitant legal expense involved would, as a practical matter, probably deprive plaintiff of any relief. The fact that he had to institute the original action in the Supreme Court to obtain jurisdiction over a nonresident of the city should not deprive him of the inexpensive procedure authorized in article 18 of the CCA.
DAMAGES
Having found that under the substantive law of the State plaintiff has a valid cause of action and that the procedural impediments asserted by the TA are not applicable in the Small Claims Part, the court determines that plaintiff is entitled to recover of the TA the sum of $522.36 representing deductions of $29.02 that should have been made weekly during the period from October 7, 1980 (15 days after service of the execution being the effective date under CPLR 5231 [subd (f)]) and February 13,1981, a total of 18 weeks. Such amount is less than the sum of the principal amount owing on the judgment, interest, Sheriff’s fees and poundage. Upon payment of said amount, the TA is clearly entitled to deduct the sum from future salary payments due the judgment debtor at a rate no greater than 10% of his salary per week.
Judgment for plaintiff for $522.36. Interest is not pay *35 able thereon since interest is accruing on the unpaid balance of the judgment. Motion of TA to dismiss denied.