OPINION OF THE COURT
WlLMER J. PATLOW, J.
This is an action for damages resulting from an alleged assault of plaintiff by defendant on February 28, 1987 on Dewey Avenue in the City of Rochester. Plaintiff seeks compensatory damages in the amount of $600,000 and punitive damages in the amount of $500,000.
Defendant has interposed an answer to the complaint with affirmative defenses but no counterclaims.
Plaintiff Anthony Perrotta now seeks an order of attachment pursuant to CPLR 6201 (3) against certain real properties presently or formerly owned by defendant Frank Giannoccaro.
*156 Records at the Monroe County Clerk’s office indicate that several parcels of real property owned in whole or in part by defendant were recently transferred to the name of defendant’s wife alone. These properties included the marital residence. In each case the deed recited that no transfer taxes were paid, indicating an absence of consideration. Plaintiff asserts that the assessed values of the properties in question total approximately $150,000.
An additional parcel was conveyed to a third party with transfer tax indicating a sales price of $65,000.
Plaintiff contends that the above-described transfers were made with intent to defraud plaintiff and to frustrate enforcement of any judgment which might be rendered in plaintiff’s favor in the pending action for assault.
Defendant opposes this application primarily on the ground that the moving papers fail to demonstrate the likelihood of success of plaintiff’s cause of action for assault.
Defendant further avers, in conclusory fashion, that the transfers complained of by plaintiff were made without intent to defraud.
A police report attached to defendant’s answering affidavit indicates that the officer responding to the scene was unable to determine whether plaintiff or defendant was the initial aggressor, each party accusing the other and there being no witnesses. However, the officer did venture the opinion, based upon certain physical evidence, that the defendant’s version was more likely to be true.
Plaintiff replies that the police report erred in important respects. Plaintiff further contends that the trial of the assault action will turn largely on the credibility of the parties as witnesses and that defendant has shown his lack of credibility by denying the fraudulent intent of transfers which were prima facie fraudulent.
In order to succeed on this motion, it is incumbent upon plaintiff to meet the requirements set forth in CPLR 6212 (a) which provides as follows: "On a motion for an order of attachment * * * the plaintiff shall show, by affidavit and such other written evidence as may be submitted, that there is a cause of action, that it is probable that the plaintiff will succeed on the merits, that one or more grounds for attachment provided in section 6201 exist, and that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff” (emphasis supplied).
*157 CPLR 6201 (3), relied upon by plaintiff, states that an order of attachment "may” be granted when: "3. the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff’s favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts”.
It is clear that plaintiff carries the burden of proof with respect to the required showing of probability of success on the merits, as he does with all the other showings (see, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C6212:l, at 71; Siegel, NY Prac § 316, n 10 [1978]).
In 1977 the Legislature amended CPLR 6212 (a) to add the language pertaining to probability of success on the merits (L 1977, ch 860, § 5). Previously, the statute referred only to the requirement of the existence of a cause of action, which requirement was generally satisfied by the showing of a prima facie case (see, e.g., Swiss Bank Corp. v Eatessami, 26 AD2d 287, 290 [1966]). However, it is said that the requirement of showing probability of success on the merits existed at common law prior to the 1977 statutory amendment, and that this amendment codified and, the court might add, clarified, preexisting case law to that effect (see, Siegel, NY Prac § 316 [1978]).
A recent explanation of the probability of success requirement is stated as follows: "The affidavit(s) should convince the court of the merits of the plaintiff’s claim. When CPLR 6212 (a) requires the plaintiff to show that it is 'probable’ that he will succeed on the merits, it means that there must be something in the proof stronger than the mere prima facie case that could satisfy in a pleading. The 1977 amendment adding the 'probability’ language in effect codifies case law. 'What is sufficient for a pleading may be insufficient for attachment’, said Judge Cardozo in Zenith Bathing Pavilion, Inc. v. Fair Oaks S.S. Corp. [240 NY 307, 312], which well illustrates the point that for an attachment there must be evidentiary detail, stronger than the summary and conclusory allegations which suffice in a pleading” (Siegel, NY Prac § 316).
The proper test seems akin to that utilized when the court scrutinizes an application for preliminary injunction which requires, inter alia, "a clear showing of likelihood of ultimate success on the merits” (Faberge Intl. v Di Pino, 109 AD2d 235, 240 [1985], and see, discussion, at 239-240).
*158 The court concludes that in the case at bar plaintiff has failed to meet his burden of proof with respect to the requirement of CPLR 6212 (a) that he demonstrate the probability of his ultimate success on the merits. There exist sharp questions of fact concerning defendant’s liability which make it impossible for this court to determine that plaintiff has shown more than a prima facie case.
For the foregoing reasons, plaintiff’s application is denied.